```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PETER ALLEN, et al., | |
| Plaintiffs, | |
| -against- | No. 19-CV-8173 (LAP) |
| NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, et al., | ORDER |
| Defendants. | |

LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE:

Before the Court is Plaintiffs' request for a ruling on whether the deliberative process privilege applies in connection with Dr. John Morley's deposition.  (Dkt. no. 160.)  For the reasons set forth below, the Court finds that Dr. Morley may assert the privilege with respect to questions about the development and potential reformulation of the New York State Department of Corrections and Community Supervision's ("DOCCS") Division of Health Services Policy Number 1.24 for Medications with Abuse Potential ("MWAP") but not with respect questions regarding how the MWAP policy has been implemented.

The deliberative process privilege is designed to "protect[] the decisionmaking processes of the executive branch in order to safeguard the quality and integrity of governmental decisions."  A. Michael's Piano, Inc. v. F.T.C., 18 F.3d 138, 147 (2d Cir. 1994) (internal quotation marks omitted).  The

privilege is built from the principle that "effective and efficient governmental decision making requires a free flow of ideas among government officials and that inhibitions will result if officials know that their communications may be revealed to outsiders."  In re Franklin Nat'l Bank Sec. Litig., 478 F. Supp. 577, 580-81 (E.D.N.Y. 1979).  For information to fall within the privilege, it must be: (1) "predecisional," meaning it was "prepared in order to assist an agency decisionmaker in arriving at his decision," and (2) "deliberative," meaning it "relate[s] to the process by which policies are formulated."  Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (quoting Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999)).

Here, the parties do not dispute that Dr. Morley, the Chief Medical Officer of DOCCS, likely has information that, at least with respect to a potential reformulation of the MWAP policy, is both predecisional and deliberative and thus within the scope of the deliberative process privilege.  They instead disagree on whether Dr. Morley may assert the privilege in light of case law holding that the privilege "may be inapplicable" when agency "deliberations 'are among the central issues in the case.'" Conte v. County of Nassau, No. 06 Cr. 4746, 2009 WL 1362784, at *5 (E.D.N.Y. May 15, 2009); see also, e.g., ACORN v. County of Nassau, No. 05 Civ. 2301, 2008 WL 708551, at *4 (E.D.N.Y. Mar.

14, 2008) ("When the decision making process is itself at issue, . . . the deliberative process privilege and other privileges designed to shield that process from public scrutiny may not be raised as a bar against disclosure of the relevant information . . . ." (quoting Torres v. City Univ. of N.Y., No. 90 Civ. 2278 (CSH), 1992 WL 380561, at *8 (S.D.N.Y. Dec. 3, 1992)).

    Having considered the parties' arguments, the Court agrees with Defendants that deliberations about the formulation and potential reformulation of the MWAP policy are not central to this litigation.  Plaintiffs' claims do not allege that the MWAP policy is facially unconstitutional or otherwise challenge the decisionmaking process that generated the initial policy and any contemplated revisions.  Rather, the claims attack the way in which the MWAP policy has been applied -- i.e., why certain treatments covered by the policy were approved or denied for certain patients.  The Court therefore rejects Plaintiffs' position that the deliberative process privilege is wholly inapplicable to Dr. Morley's testimony.  Although the privilege does not apply to questions about how the MWAP policy was implemented or why this or that inmate did not receive certain medications or why an exception to the MWAP policy was denied, it does protect Dr. Morley from disclosing information about the deliberations behind the formulation of the policy itself.

Even when the elements of the privilege are satisfied, the Court must conduct a balancing test to determine whether the privilege should nonetheless give way to other interests. "Among the factors that a court should consider in arriving at such a determination are: '(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." ACORN, 2008 WL 708551, at *4.  In the instant case, the Court finds that the last of those factors carries the most weight given the parties' ongoing talks about resolving Plaintiffs' claims via potential revisions to the MWAP policy. In the Court's view, if Dr. Morley were forced to testify about DOCCS's deliberations on possible MWAP policy revisions, it would chill the willingness of DOCCS and other agencies to openly explore policy solutions to the claims brought in this case and in other civil rights litigations.  Accordingly, the balance of factors favors upholding the privilege with respect to Dr. Morley's testimony regarding deliberations surrounding the initial formulation of the MWAP policy or any proposed reformulations of the policy.

For the foregoing reasons, Dr. Morley may assert the deliberative process privilege with respect to questions implicating the decisionmaking behind the MWAP policy, but not questions about how the policy has been applied.  If issues arise during the course of the deposition that require judicial intervention, the parties may send an e-mail to PreskaNYSDChambers@nysd.uscourts.gov, and the Court will arrange for a telephonic conference.

SO ORDERED.

Dated:   October 6, 2020
         New York, New York

*[signature: Loretta A. Preska]*

_____
LORETTA A. PRESKA, U.S.D.J.