UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER ALLEN, et al.,

                    Plaintiffs,

-against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                    Defendants.

No. 19-CV-8173 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

     The Court is in receipt of the parties' letters regarding the applicability of Rule 26(a)(2)(C) to the Defendants.  (See dkt. nos. 170 & 171).  After considering those materials and construing them as Defendants' motion for clarification and Plaintiffs' response, the Court orders that the Defendants shall tender a Rule 26(a)(2)(C) disclosure as to each defendant doctor in order to allow Plaintiffs to prepare for trial.

## I.   Discussion

     A recent case provides a helpful "lay of the land" related to Rule 26(a)(2) and physician testimony:

> In general, a treating physician may testify to opinions formed in the course of treatment without regard to the disclosure requirements of Rule 26(a)(2).  When acting as an expert, the physician may testify to matters beyond plaintiff's course of treatment, i.e., information acquired from outside sources.
>
> If a party offers a treating physician as an expert, there is no need to provide a written expert

1

> report under Rule 26(a)(2)(B) because treating
> physicians are not retained or specifically employed
> to provide expert testimony in the case.  But a
> treating physician's expert disclosure must meet the
> requirements of Rule 26(a)(2)(C) if he or she is to
> opine on matters outside of his or her treatment.

Olutosin v. Gunsett, No. 14-CV-00685 (NSR), 2019 WL 5616889, at

*5 (S.D.N.Y. Oct. 31, 2019) (citations and quotation marks

omitted).  "The key to what a treating physician can testify to

without being declared an expert is based on his personal

knowledge from consultation, examination and treatment of the

[p]laintiff, not from information acquired from outside

sources."  Mercado v. Dep't of Corr., No. 3:16-CV-01622-VLB,

2019 WL 625697, at *4 (D. Conn. Feb. 14, 2019).  Applying those

standards, Defendants must make a Rule 26(a)(2)(C) disclosure

because some of the testimony they seek to offer appears to be

based on knowledge acquired from such "outside sources."[1]

The Court also observes that Defendants' initial Rule

26(a)(2)(C) disclosure for Dr. Bozer is inadequate.  Such a

disclosure must provide "a summary of the facts and opinions to

which the witness is expected to testify."  FED. R. CIV. P.

26(a)(2)(C)(ii).  But beyond an explanation of Dr. Bozer's

credentials and the general process for reviewing medication

---

[1] For example, Defendants state that their testimony will be
"based in part on their specialized medical knowledge regarding
medicine in the correctional setting" and "their specialized
knowledge and experiences with the risks and benefits of
medications with abuse potential."  (Dkt. no. 170 at 2).

requests, Defendants offer precious little--beyond rote generalizations--as to the subject matter of Dr. Bozer's opinion testimony or the facts undergirding it.

As far as her opinion goes, the disclosure states that Dr. Bozer will opine on "specific decisions she made to approve or deny MWAP requests" and will suggest that "the MWAP Policy was reasonable and necessary to ensure that prescription of medications . . . were in line with community standards of medical care." (Dkt. no. 170-1, at 4-5). Dr. Bozer will base her opinion on, among other things, (1) a review of any files maintained by Defendants related to this case and (2) a "review of applicable authorities and texts in her field of expertise, customs and practices, standards, rules, laws, statutes, and regulations, pertaining to this matter." (Id. at 2).

Those disclosures do almost nothing to narrow the universe of possible facts on which Dr. Bozer could rely in forming her opinions. Likewise, the substance of the opinion that Dr. Bozer will offer is expressed in only the most general terms. Rule 26(a)(2) requires more--those sorts of bare-bones explanations are insufficient to "provide fair notice of the basis for Dr. [Bozer]'s expected testimony and scope" such that Plaintiffs can "prepare their defense against potential expert opinions." Olutosin, 2019 WL 5616889, at *6 (quotation marks omitted).

3

## II.  Conclusion

For the foregoing reasons, the Defendants' motion for clarification [dkt. no. 170] is <u>GRANTED</u>, and each of the defendant doctors shall provide disclosures pursuant to Rule 26(a)(2)(C).  The parties shall confer and, no later than Thursday, November 5, 2020 at 12:00 p.m., propose an order setting out the extent of the Rule 26(a)(2)(C) disclosure to be required of the Defendants.  Counsel shall appear telephonically for a conference on Friday, November 6, 2020 at 2:00 p.m.  The teleconference will be held using the dial-in (888) 363-4734, access code: 4645450.

**SO ORDERED.**

Dated:     November 2, 2020
           New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge

4