UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER ALLEN, et al.,

                Plaintiffs,

-against-

CARL KOENIGSMANN, MD, et al.,

                Defendants.

No. 19-CV-8173 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Plaintiffs' challenge to Defendants' designation as "Attorneys' Eyes Only" of various Quality Assurance and Quality Improvement meeting minutes and a Quality Assessment or Quality Improvement report. (See dkt. no. 292.) The protective order in this case provides that documents may be designated "Attorneys' Eyes Only" if counsel believes disclosure to an inmate or former inmate of DOCCS "would compromise the safety, institutional security, and good order of a DOCCS facility." (Dkt. no. 283 ¶ 9(a).)

    Plaintiff argues that nothing in these documents implicates institutional security and that the "Attorneys' Eyes Only" designation "imposes an inordinate amount of extra work on Plaintiffs' counsel in preparing deposition exhibits, deposition transcripts, [and] exhibits for motions and pleadings." (Dkt. no. 92 at 2, 4.) Defendants argue that the documents are privileged under, inter alia, a self-critical analysis privilege

1

and that "portions of the documents also touch on issues that have a significant implication for institutional security, such as the medical treatment of injured security staff, fire drills, and plans for responses to calls for emergency medical assistance."  (Dkt. no. 295 at 2, 4-5.)  In response, Plaintiffs argue that the State Defendants have waived any privilege by their voluntary disclosure of the challenged records but also agree to redact any information in the documents that relates to "medical treatment of injured security staff, fire drills, and plans for responses to calls for emergency medical assistance."  (Dkt. no. 296 at 2.)

Plaintiffs are correct that any applicable privilege has been waived by production of the documents.[1]  While it is not apparent to the Court how the challenged documents implicate the "safety, institutional security and good order of a DOCCS facility," out of an excess of caution, the Court will permit Plaintiffs to serve any papers relating to the challenged documents but not file them until two business days have passed

---

[1] See Schiller v. City of New York, No. 04 Civ. 7921 (KMK) (JCF), 2007 WL 136149, at *5 n.5 (S.D.N.Y. Jan. 19, 2007) (finding that "voluntary disclosure to an adversary constitutes waiver even where the party to whom production is made is subject to a confidentiality agreement"); Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 480 (S.D.N.Y. 1993) (finding that "even if the disclosing party requires, as a condition of disclosure, that the recipient maintain the materials in confidence, this agreement does not prevent the disclosure from constituting a waiver of the privilege").

in order to give Defendants time to review the materials and raise any issues relating to institutional security with counsel.

For the reasons set out above, Plaintiffs' challenge [dkt. no. 292] to the State Defendants' designation of certain Quality Assurance and Quality Improvement materials as "Attorneys' Eyes Only" is SUSTAINED.  The Clerk of the Court shall close the open motion.

**SO ORDERED.**

Dated:    September 23, 2021
          New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge