

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8828

December 7, 2021

**BY ECF**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Allen et al v. Koenigsmann et al</u>, 19 Civ. 8173 (LAP) (SN)

Dear Judge Preska:

The New York State Office of the Attorney General ("OAG") represents defendants Carl Koenigsmann, John Morley, Susan Mueller, David Dinello, John Hammer, and Kristin Salotti (together, "State Represented Defendants") in the above-referenced action. I respectfully write to expand the current protective order in this case.

As Your Honor is aware, after oral argument by the parties on various issues, the parties signed a Stipulation of Confidentiality and Protective Order on August 11, 2021, which the Court so-ordered on August 12, 2021. ECF No. 283.

Paragraph 5 of the Protective Order defines "Confidential Materials" and states that "[a]ny party may designate as confidential any information, document or thing, or portion of any document or thing **produced by that party**, the disclosure of which that party believes would contain information that is confidential under state or federal law." ECF No. 283 ¶ 5. Several

types of documents are then listed as examples of confidential material, including, personnel, health care and mental health care records; maps, blueprints and photographs of DOCCS correctional facilities; and "[a]ny other records that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility if disclosed to an inmate in the custody of DOCCS and/or the general public." ECF No. 283 ¶ 5.

Paragraph 9 of the parties' Protective Order allows for the designation of confidential material as "Attorneys' Eyes Only" and provides as the primary category of materials "[a]ny documents or information that Defendants or DOCCS produce and believe in good faith would compromise the safety, institutional security, and good order of a DOCCS facility if disclosed to an inmate in the custody of DOCCS or any former DOCCS inmate and/or the general public." ECF No. 283 ¶ 9.

Thereafter, on September 10, 2021, in response to Defendants' good faith designation of produced documents as Attorneys' Eyes Only, Plaintiffs' counsel wrote to the Court seeking to remove the Attorneys' Eyes Only designation on Quality Assurance and Quality Improvement meeting minutes from twenty-four (24) facilities.  ECF No. 292 at 1.  Plaintiffs' counsel mentioned (in a one sentence footnote) that State Represented Defendants "did not withhold any of these documents based on privilege, such as the self-critical analysis privilege."  ECF No. 292 n. 2.  However, as noted in State Represented Defendants' response, they had in fact invoked several privileges, including the self-critical analysis privilege.  ECF 295 at 1.  In response to Plaintiffs' relevant document demand, State Represented Defendants made the following objection:

> Defendants further object to the extent that the request seeks information, the disclosure of which could jeopardize correctional or institutional safety, security or good order, containing personal information that is privileged and/or confidential under state or

> federal law, including *inter alia*, HIPAA, and N.Y. Personal Privacy Protection Law, N.Y. Public Officers Law § 91, *et seq.* Defendants also object to this Request, as it requests information that is protected by the attorney-client privilege, the work product privilege, the deliberative process privilege, the self-critical analysis privilege, law enforcement privilege, and subsequent remedial measures. Due to the above privileges and objections, Defendants will produce these records, bearing Bates stamp Nos. OAG MWAP 056865 through OAG MWAP 057234, subject to an Attorneys' Eyes Only Designation upon execution of the Stipulation of Confidentiality and Protective Order. Defendants specifically do not waive, but expressly continue to assert the above privileges for the responsive documents.

ECF 295-1 at 6.

By order entered on September 23, 2021, the Court sustained Plaintiffs' challenge to State Represented Defendants' Attorneys' Eyes Only designation finding "it is not apparent to the Court how the challenged documents implicate the 'safety, institutional security and good order of a DOCCS facility.'" ECF No. 298 at 2.

On November 3, 2021, State Represented Defendants produced more Quality Assurance and Quality Improvement meeting minutes. In producing these documents, State Represented Defendants marked them as "Confidential" (not "Attorneys' Eyes Only") and made the following objection:

> Defendants further object to the extent that the request seeks information, the disclosure of which could jeopardize correctional or institutional safety, security or good order, containing personal information that is privileged and/or confidential under state or federal law, including *inter alia*, HIPAA, and N.Y. Personal Privacy Protection Law, N.Y. Public Officers Law § 91, *et seq.* Defendants also object to this Request, as it requests information that is protected by the attorney-client privilege, the work product privilege, the deliberative process privilege, the self-critical analysis privilege, law enforcement privilege, and subsequent remedial measures. Defendants further object to the extent that such documents are not within their possession, custody, or control. Subject to and without waiving the above objections, Defendants refer Plaintiffs to documents produced concurrently bearing Bates

3

> stamp Nos. OAG MWAP 078313 through OAG MWAP 079185. Defendants specifically do not waive, but expressly continue to assert the above privileges for the responsive documents.

*See* Relevant Portion of the State Represented Defendants' Response to Plaintiffs' Seventh Formal Request for Documents, attached as Exhibit A.  Thereafter, on November 7, 2021, Plaintiffs' counsel objected to the "Confidential" designation.

State Represented Defendants now seek an expansion of the parties' Protective Order to include this additional category of documents (Quality Assurance and Quality Improvement meeting minutes) as "Confidential" (as opposed to "Attorneys' Eyes Only" as previously designated) under paragraph 5 of the parties' order.  Notwithstanding the Court's prior ruling that any applicable privilege has been waived by the production of these documents, State Represented Defendants seek an order, in the Court's discretion, expanding the order to include this category of documents because, as previously discussed, the quality improvement committee meetings are a common and established system for improvement of medical care, and serve a significant private and public interest that should be confidential.  *See Francis v. United States*, No. 09 Civ. 4004, 2011 WL 2224509, at *5 (S.D.N.Y. May 31, 2011) ("The success of a hospital's quality assurance review process 'depends upon an atmosphere of confidence,' in which health care practitioners give frank and complete answers to questions posed by their peers.").  As the Court is aware, the documents produced are minutes of internal meetings wherein medical personnel and other DOCCS officials on a multidisciplinary quality improvement committee engage in a transparent analysis and constructive critique of the administration of medical services at each facility.  The confidential discussions are held to identify potential issues or undesirable trends and develop potential solutions.  The minutes may involve discussions of various analyses of health services, such as the medical response to

specific incidents including any death or illness outbreak, data regarding the number and reason for medical transfers, chart reviews to investigate complaints, or evaluation of the completeness of required record keeping.  The meeting minutes also memorialize the proposal, creation, implementation, and monitoring of corrective action plans to remedy or improve any problems or concerns identified by the committee.  The confidential nature of the discussions is an essential element to allowing for a frank discussion and analysis of medical care in order to promote the broader public interests in the improvement of that care.

Thank you for your consideration.

Respectfully submitted,

/S Nia R. Stanford
Nia R. Stanford
Assistant Attorney General
(212) 416-8828
Nia.Stanford@ag.ny.gov

Plaintiffs shall respond to
Defendants' letter and exhibit no
later than December 15, 2021.

**SO ORDERED.**

Dated:     December 8, 2021
           New York, New York

LORETTA A. PRESKA
Senior United States District Judge

# Exhibit A

**REQUEST NO. 58:**

Please provide all Quality Assurance and/or Quality Improvement Meeting Minutes with attached reports by the SURNs or other administrators dated from January 2016 to present recording meetings at the following facilities:

Attica Correctional Facility
Bedford Hills Correctional Facility
Downstate Correctional Facility
Great Meadow Correctional Facility
Green Haven Correctional Facility
Southport Correctional Facility
Upstate Correctional Facility
Wende Correctional Facility
Altona Correctional Facility
Cape Vincent Correctional Facility
Cayuga Correctional Facility
Gouverneur Correctional Facility
Gowanda Correctional Facility
Hale Creek Correctional Facility
Livingston Correctional Facility
Mid-State Correctional Facility
Ogdensburg Correctional Facility
Otisville Correctional Facility
Riverview Correctional Facility
Taconic Correctional Facility
Washington Correctional Facility
Watertown Correctional Facility
Woodbourne Correctional Facility
Wyoming Correctional Facility

**RESPONSE TO REQUEST NO. 58:**

Defendants object to this Request on the grounds that it is unduly burdensome, not relevant, not proportional. Defendants further object to the extent that the request seeks information, the disclosure of which could jeopardize correctional or institutional safety, security or good order, containing personal information that is privileged and/or confidential under state or federal law, including *inter alia*, HIPAA, and N.Y. Personal Privacy Protection Law, N.Y. Public Officers Law § 91, *et seq*. Defendants also object to this Request, as it requests information that is

6

protected by the attorney-client privilege, the work product privilege, the deliberative process privilege, the self-critical analysis privilege, law enforcement privilege, and subsequent remedial measures. Defendants further object to the extent that such documents are not within their possession, custody, or control. Subject to and without waiving the above objections, Defendants refer Plaintiffs to documents produced concurrently bearing Bates stamp Nos. OAG MWAP 078313 through OAG MWAP 079185. Defendants specifically do not waive, but expressly continue to assert the above privileges for the responsive documents.

**REQUEST NO. 59:**

Please provide all (a) MWAP Assessment Tools, (b) Internal Primary Audit Tool documents or (c) Neurontin Tracking data sheets related to Neurontin/Gabapetin, Controlled Substances, or MWAPs created for the following facilities and dates (see Exhibit 1 - example of MWAP Assessment Tool):

| Facility | Dates |
|---|---|
| Adirondack | January 2016 to present |
| Albion | January 2016 to present |
| Altona | January 2016 to present |
| Attica | January 2016 to present |
| Auburn | January 2016 to present |
| Bare Hill | January 2016 to present |
| Bedford Hills | January 2016 to present |
| Cape Vincent | January 2016 to present |
| Cayuga | January 2016 to present |
| Clinton | January 2016 to present |
| Downstate | January 2016 to present |
| Eastern | January 2016 to present |
| Elmira | January 2016 to present |
| Fishkill | January 2016 to present |
| Five Points | January 2016 to present |
| Franklin | January 2016 to present |
| Gouverneur | January 2016 to present |
| Gowanda | January 2016 to present |
| Great Meadow | January 2016 to present |
| Green Haven | January 2016 to present |
| Greene | January 2016 to present |
| Groveland | January 2016 to present |