```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PETER ALLEN, *et al.* <br><br>                    Plaintiffs, <br><br>     v. <br><br> CARL KOENIGSMANN, *et al.* <br><br>                    Defendants | **No. 19-cv-8173 (LAP)** <br><br> **PROTECTIVE ORDER** |

LORETTA A. PRESKA, United States District Judge:

   **WHEREAS**, Plaintiffs' counsel has served a subpoena upon Change HealthCare, Inc., a third party who offers clinical decision support to health care systems, including Kepro, Inc., the quality assurance administrator for the New York State Department of Corrections and Community Supervision; and

   **WHEREAS**, Plaintiffs request that Change HealthCare, Inc., produce certain InterQual criteria used by Kepro and New York State Department of Corrections and Community Supervision for making medical referral and treatment decisions; and

   **WHEREAS**, ChangeHealth Care, Inc., has requested that the parties and Court treat the produced InterQual criteria as "Confidential" given its proprietary nature;

1

**IT IS HEREBY ORDERED THAT:**

1. Notwithstanding any provision of Federal or State law or regulation concerning the confidentiality of proprietary data, trade secrets or financial information, any and all documents produced to Plaintiff's counsel by Change HealthCare, Inc. will be stamped as "Confidential Proprietary Information" by Plaintiffs' counsel, who will then produce the documents on counsel for all parties.

2. Any deposition testimony discussing or disclosing the Confidential Proprietary Information will be "sealed" unless there is further Order from the Court for good cause shown.

3. Access to the Confidential Proprietary information shall be limited to:

   a. Attorneys for the parties;
   b. Employees, vendors and independent contracts of the respective attorneys for the parties who have direct functional responsibility for the litigation of this action;
   c. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the

respective attorneys for the parties;

d. Individual employees or independent contractors of DOCCS, to the extent that such individual employees or contractors would have access to the documents as part of their employment with DOCCS in the ordinary course of business;

e. Court reporters, to the extent deemed necessary for the conduct of this litigation by the Courtor jointly by the respective attorneys for the parties; and

f. The Court

4. The designating party shall label "CONFIDENTIAL – HEALTH RECORDS" on each page of documents revealing the personal identification information of potential putative class members or incarcerated individuals who have not provided HIPAA releases. This label is a matter of convenience only, the personal identifying information shall be treated as Confidential even if it was inadvertently or unintentionally not so labeled.  In the event that the produced information or data cannot be so labeled, the producing party shall indicate that it

3

contains personal identifying information and shall be treated accordingly.

   5.   No person receiving Change HealthCare's Confidential Proprietary Information pursuant to this Order shall disclose or otherwise reveal the information in any manner or form, written, electronic, or oral, to or with any person who is not entitled to receive such Confidential Proprietary Information pursuant to this Order.

   6.   If any party seeks to file with the Court Confidential Proprietary Information, the party shall redact or otherwise note that the Confidential Proprietary Information has been filed under seal in the public file but will provide an unredacted complete courtesy copy to the Court and other parties with a request that the courtesy copy not be included in the public file.

   7.   Unless otherwise provided in the Local Rules or order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number ofthis action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except byorder of the Court.

8.  If a Party intends to use or elicit testimony concerning Confidential Proprietary Information at trial or in open court on any occasion in a manner that will disclose the Confidential Proprietary Information, the Party intending to so use it shall take all steps reasonably required to protect confidentiality during such use. Subject to any contrary directive from the Court, such party will notify the producing party, who will in turn notify counsel at Change HealthCare, Inc. of the intent to introduce Confidential Proprietary Information and give Change HealthCare, Inc., an opportunity to request that the Court seal the transcript or close the courtroom.

9.  Confidential Proprietary Information produced pursuant to the terms of this Order shall be used by the receiving party solely for the purposes of this litigation, including any appeals thereof.

10. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1)

within 90 days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within 30 days after final disposition of the appeal, or (3) within 30 days after any monitoring period has ended.  If such a party does not remove such sealed records within 30 days after either of these three deadlines, as applicable, the Clerk may dispose of such sealed records.

    11.  Pursuant to Rule 502(d) of the Federal Rules of Evidence, no privilege or protection shall be waived by disclosure connected with the instant captioned lawsuit and any such disclosure shall also not constitute a waiver in any other federal, state, or administrative proceeding.

**SO ORDERED.**

Dated: November 29, 2022

_____
  Loretta A. Preska, Senior U.S.D.J.