# LAW OFFICE OF AMY JANE AGNEW

Honorable Loretta A. Preska
Senior Justice, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

January 3, 2023

**VIA ECF**

**Re:** *Allen, et al. v. NYS DOCCS, et al.,* 19-cv-8173 (LP)(SN)

Dear Judge Preska:

I write on behalf of Plaintiffs in response to Defendant Moores' letter regarding 'clarification' on the hearing and a not-too-veiled request for an adjournment. (Dkt. No. 494.) Our office has been bombarded with emails from Ms. Kiley making pre-trial demands of this office for an <u>evidentiary hearing</u>, refusing to produce her client to our NYC offices for a deposition, and now, she seeks legal advice from the Court. The Court's transcribed opinion very clearly tracks the jurisprudence on the voluntary cessation doctrine. *See* Friends of the Earth Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 120 S Ct. 693, 145 L. Ed. 2d 610 (2000); Already, LLC v. Nike, 568 U.S. 85, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013); Granite State Outdoor Adver. Inv. V. Town of Orange Conn., 303 F. 3d 450 (2d Cir. 2002); Am. Freedom Def. Initiative v. Metro. Transp. Auth., 109 F. Supp. 3d 626 (S.D.N.Y. 2015); Saba v. Cuomo, 535 F. Supp. 3d 282 (S.D.N.Y. 2021). Instead of reading the relevant authority, Defendant Moores spent her day preparing a letter to the Court to ask for legal advice. In fact, in her letter Defendant Moores omits the very portion of the transcript where the Court outlined the issues it wanted addressed: the prongs of the voluntary cessation doctrine. (Dkt. No. 494-1 at 21:21-22:3.)

We have alerted Defendant Moores' counsel that we will be calling putative class members based on their medical condition close to the hearing in rebuttal. It makes no sense for us to call patients who have finally received treatment between the Court's December 23, 2022 Order and the hearing commencement (one would hope that effort is made, but who knows). We will be making witness determinations based on medical treatment two weeks beforehand -- that is the case. Our office has done many evidentiary hearings on injunctions. We have never exchanged

---

| *New York Office* | (973) 600-1724 | aj@ajagnew.com | *New Jersey Office* |
| --- | --- | --- | --- |
| 24 Fifth Avenue, Suite 1701 | | | 36 Page Hill Road |
| New York, NY 10011 | | | Far Hills, NJ 07931 |

witness or exhibit lists in advance except when we had to arrange the deposition of a witness who would not be available. However, to help Defendant Moores' counsel, we did agree to a meet and confer on January 18, 2023. I am on the west coast right now seeing family and will not be available until that date, nor would we be able to identify the still untreated patients we will call. We have been more than gracious with Defendant Moores' counsel and have asked only for the length of her case in chief so we can get the video rooms at facilities booked in advance.

With thanks for the Court's continuing courtesies.

Happy New Year from Santa Fe,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.