# LAW OFFICE OF AMY JANE AGNEW

Honorable Loretta A. Preska
Senior Justice, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

May 3, 2023

**VIA ECF**

**Re:** *Allen, et al. v. NYS DOCCS, et al.,* 19-cv-8173 (LP)(SN)

Dear Judge Preska:

Plaintiffs write to request a pre-motion conference regarding an intended application requesting that the Court convert its anticipated preliminary injunction to a permanent injunction or the scheduling of a trial on the merits of Plaintiffs' request for a permanent injunction. While everyone in the case awaits Defendant Moores' plan for implementation of preliminary injunctions we have to raise the issue of the applicability of 18 U.S.C. § 3626(a)(2). The PLRA dictates that if the preliminary injunction is not made final before the expiration of ninety (90) days from issuance, it will expire by operation of law. Recent events caution as to why Plaintiffs cannot let that happen. Plaintiff Mark Daniels, who testified before the Court in February, was finally prescribed Lyrica a few weeks ago. He received one week of treatment before he was transferred to Woodbourne Correctional Facility – an institution infamous for its discontinuations upon transfer. (See Dkt. Nos. 304-308.) There, without seeing a doctor, his Lyrica was summarily discontinued. As soon as we found out, we communicated with Defendant Moores' counsel and within a few days the medication was reinstated, but obviously, lawyers cannot police the 660 patients identified to date as requiring chronic pain management – nor the thousands impacted by the current unconstitutional policies and practices.

While Defendant Moores has filed a notice of interlocutory appeal (without waiting for jurisdiction), it seems Defendants have not calculated that any preliminary injunction will expire by operation of law before the appeal can be heard – in fact, even before briefing can be completed. See Ga. Advocacy Office v. Jackson, 4 F. 4th 1200 (11th Cir. 2021), *vacated due to settlement,* 33 F. 4th 1325 (11th Cir. 2022); Ahlman v. Barnes, 20 F. 4th 489 (9th Cir. 2021). We made a few

proposals to Defendant Moores: 1) that Plaintiffs motion for conversion of the preliminary injunction to a permanent one; 2) that another bench trial be scheduled within the ninety (90) days so a final judgment can be issued within the PLRA *Cinderella* period; or, 3) that the parties stipulate to the conversion – based on the Court's findings of fact when the preliminary injunction is issued. If the latter option, we offered that Defendant Moores can retain all her rights to object, appeal, etc. Regardless of which route is chosen, the parties have to act. So the Court is aware, this office did raise the conversion issue with Defendant Moores' counsel before the preliminary injunction hearing. As with many other issues, we were ignored. While we appreciate that Defendant Moores is spending her time on 23(f) petitions and appeals that lack jurisdiction, the matters still before this Court are far more pressing.

The relevant authority suggests that Defendant Moores must demonstrate "prejudice as well as surprise" in order to oppose the conversion of the injunction order from preliminary to permanent. See D. Patrick, Inc. v. Ford Motor Co., 8 F. 3d 455, 459 (7th Cir. 1993); Fed. Rule 65(a)(2). Courts also consider issues such as whether additional evidence is necessary, whether the current record supports a permanent injunction, and efficiency arguments. Plaintiffs will, of course, proceed in whatever manner is deemed appropriate by the Court. We can certainly engage in an expedited briefing schedule or proceed with a bench trial on the merits within the PLRA *Cinderella* period, but in either event we believe a conference is necessary to move the case forward. Such conference might be more efficient if it also tackled Defendant Moores' plan for implementation of the preliminary injunctions once filed tomorrow.

With thanks for the Court's continuing courtesies.

Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.

| | | | |
|---|---|---|---|
| *New York Office* | (973) 600-1724 | aj@ajagnew.com | *New Jersey Office* |
| 24 Fifth Avenue, Suite 1701 | | | 36 Page Hill Road |
| New York, NY 10011 | | | Far Hills, NJ 07931 |