UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER ALLEN, *et al.*, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

CARL KOENIGSMANN, *et al*.

Defendants.

**PRELIMINARY INJUNCTION**

Case No. 1:19-cv-LAP

---

WHEREAS, in an Opinion & Order dated March 31, 2023 (Dkt. No. 552) (the "Preliminary Injunction Opinion"), this Court determined that Plaintiffs were entitled to a preliminary injunction against Defendant Dr. Carol Moores, sued in her official capacity as the Chief Medical Officer of the New York State Department of Corrections and Community Supervision ("DOCCS"); and

WHEREAS, in the Preliminary Injunction Opinion, this Court specifically found that after February 2021, the following occurred in connection with the medical care of seven (7) putative class members:

(1)  Putative class member Mali Wilkerson, while residing at Marcy Correctional Facility, had his MS Contin medication discontinued by unidentified DOCCS providers during the period from May 20 through May 27, 2022, but was thereafter prescribed MS Contin by Dr. Burke on May 27, 2022; and

(2) Putative class member Claudio Johnson had his Neurontin medication discontinued starting on or about August 10, 2021, upon transfer to Woodbourne Correctional Facility by his medical provider Dr. Ruiz, but was later transferred back to Marcy Correctional Facility and re-prescribed pain medication; and

1

(3) Putative class member Aaron Dockery, while residing at Marcy Correctional Facility, had his Neurontin medication discontinued from December 2 to December 23, 2022 by Nurse Practitioner Amy Ferguson, but was re-prescribed the medication as of December 24, 2022; and

(4) Putative class member Rashid Rahman had his Ultram medication discontinued upon transfer to Shawangunk Correctional Facility and was deprived of his Ultram medication thereafter by Dr. Win, who sent Mr. Rahman to the infirmary to receive Ultram but Mr. Rahman refused to go; and

(5) Putative class member Mark Daniels has been denied effective pain treatment since at least August 20, 2021, while residing at Shawangunk Correctional Facility.  The Court did not identify any specific provider that denied Mr. Daniels effective pain treatment, other than Dr. Lee, who is no longer a DOCCS employee; and

(6) Putative class member Felipe Rivera-Cruz was not given effective pain medication by his medical providers at Shawangunk Correctional Facility after an October 2022 hospitalization and was not given an explanation as to why his pain medication was discontinued.  The Court did not identify any specific provider that denied Mr. Daniels effective pain treatment, other than Dr. Lee, who is no longer a DOCCS employee; and

(7) Putative class member Julio Moronta has been denied effective pain medication for one to two years, while residing at Eastern Correctional Facility.  The Court did not identify any specific provider that denied Mr. Moronta effective pain treatment; and now, therefore, it is hereby

ORDERED, that Dr. Moores, in her official capacity as Chief Medical Officer of DOCCS, shall take measures to ensure that the medical providers who provide pain treatment to incarcerated

individuals Mali Wilkerson, Claudio Johnson, Aaron Dockery, Rashid Rahman, Mark Daniels, Felipe Rivera-Cruz, and Julio Moronta exercise reasonable medical judgment to provide these incarcerated individuals with effective pain treatment, and it is further

ORDERED that, pursuant to 18 USC §3626(a)(2), the terms of this Preliminary Injunction shall automatically expire 90 days after its entry unless the Court makes the order final in that time period; and it is further

ORDERED that prior to the expiration of this Preliminary Injunction, Plaintiffs may move, or the parties may stipulate, to renew the Preliminary Injunction for an additional 90 days after its entry (*see Barrett v. Maciol,* 2022 WL 130878, *9 [2022]); and it is further

ORDERED that during the term of this Preliminary Injunction or any renewal, if Plaintiffs reasonably believe that Dr. Moores has failed to carry out any obligation herein, Plaintiffs shall not seek judicial intervention, or otherwise make a motion for contempt, unless Dr. Moores is given written notice of the alleged non-compliance and at least 20 days to cure such alleged failure. The parties shall engage in good faith negotiation to resolve any issues regarding compliance before judicial intervention is sought.

SO ORDERED

Dated: _____ 2023

_____
Loretta A. Preska
Senior United States District Court Judge