

Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

Oriana L. Kiley
Of Counsel
518.487.7728 phone
okiley@woh.com

May 4, 2023

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, New York 10007

  Re: *Allen et al. v. Koenigsmann, et al.*, 19-CV-8173 (S.D.N.Y.)

Dear Judge Preska:

  My office represents Dr. Carol A. Moores in her official capacity in the above referenced matter. We write in response to Plaintiffs' letter filed on May 3, 2023, detailing their intention to move this court to convert the yet-entered preliminary injunction into a permanent injunction ("conversion"), or alternatively, to set a trial date to determine the merits of Plaintiffs' request for a permanent injunction within 90 days. (Dkt. No. 574). Plaintiffs' anticipated motion for conversion or trial is premature and should not be entertained by the Court at this juncture for the reasons below.

  Plaintiffs appear to be concerned by the "90-day Rule" imposed by the PLRA and believe they "must" have their anticipated preliminary injunction converted into a permanent injunction by way of stipulation, motion or by trial prior to the 90-day expiration date. See 18 U.S.C. 3626(a)(2). If, however, injunctive relief is still necessary after ninety days, Plaintiffs could simply move to renew the preliminary injunction or, alternatively, the parties could stipulate to its continuance. See *Barrett v. Maciol*, 20-CV-537, 2022 WL 130878, at *9-10 (N.D.N.Y. Jan. 14, 2022).

  Converting a preliminary injunction into a permanent injunction without affording Dr. Moores <u>any</u> time to demonstrate compliance thereof would be severely prejudicial and inconsistent with the established case law holding that courts should not move "too quickly where it appears that the state, in the exercise of its administrative authority, will in its own way adopt reforms bringing its system into compliance with the Constitution." *Dean v. Coughlin*, 804 F.2d 207, 213 (1986); see also *Nelson v. Sugarman*, 361 F. Supp. 1132, 1142 (S.D.N.Y. 1972). Indeed, in a similar case, this Court found that permanent injunctions were inappropriate where defendants made a demonstrable showing of compliance with the court's Proposed Orders for injunctive

Hon. Loretta A. Preska
May 4, 2023
Page 2

relief. <u>Espinosa ex rel. v. Shah, et al.</u>, 09-CV-4103, 2014 WL 6865664 (S.D.N.Y. Dec. 5, 2014). Likewise, we respectfully request the Court extend a similar opportunity to Dr. Moores.

Moreover, under F.R.C.P. Rule 65(a)(2), even if plaintiffs file a motion for conversion, the Court cannot convert the preliminary injunction to a permanent injunction because it did not give clear and unambiguous notice <u>at the evidentiary hearing</u> to the parties of its intention to do so. "Courts may consolidate a trial on the merits with a hearing on a motion for preliminary injunctive relief **only after 'the parties receive clear and unambiguous notice [of the court's intent to do so] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.**'" <u>See</u> <u>Woe by Woe v. Cuomo</u>, 801 F.2d 627, 629 (2d Cir 1986)(finding that the court's vague references to its desire to "finally close the case" and plaintiff's request for conversion in its post-hearing brief was not sufficient notice); <u>see also</u> <u>Capital City Gas Co. v. Phillips Petroleum Co.</u>, 373 F.2d 128, 131 (2d Cir. 1967) ("Of course the judgment order cannot be permitted to remain in force as a permanent injunction; [defendant] has a clear right to have a full hearing on the merits of the complaint, for the order was granted upon a hearing noticed for a temporary injunction only, and no warning was given to the parties that a permanent disposition of the case was likely"); *contra.* <u>Reese Pub. Co., Inc. v Hampton Intern. Communications, Inc.</u>, 620 F2d 7, 12 (2d Cir. 1980) (where the court "repeatedly" made clear during the preliminary injunction hearing its intention to consolidate it with the trial on the merits if no issues of fact were raised during the hearing; under that circumstance, consolidation was appropriate).

Here, Plaintiffs' counsel's vague reference to "raising the conversion issue" to defense counsel does not suffice; notice would have had to come directly from the bench during the evidentiary hearing. No such notice was made. A review of the February 2023 hearing transcripts includes absolutely no notice or even reference to the court's intention to consider it a trial on the merits to make a finding on the need for a permanent injunction. (Dkt. Nos. 537, 539, 541). For this reason alone, plaintiffs' anticipated motion for a permanent injunction must be denied.

Thank you for your time and consideration.

Respectfully submitted,

*Oriana Kiley*

Oriana L. Kiley, Esq.

cc: All Counsel of Record (via CM/ECF)