

Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

Oriana L. Kiley
Of Counsel
518.487.7728 phone
okiley@woh.com

May 30, 2023

<u>**Via CM/ECF**</u>
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, New York 10007

  Re: *Allen et al. v. Koenigsmann, et al.*, Docket No.: 19-CV-8173 (S.D.N.Y.)

Dear Judge Preska:

  My office represents defendant Dr. Carol A. Moores ("Defendant Moores"), in her official capacity. We write in anticipation of the conference ordered by the Court to be held tomorrow, May 31, 2023, and to set forth our objections to Plaintiffs' proposed Order filed on May 25, 2023. [Dkt. 586, 586-1].

  Under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm," and shall automatically expire within 90 days after its entry, unless the court the Court enters a final judgment before the expiration or the 90-day period. (18 U.S.C. § 3626(a)(2)). Dr. Moores objects to plaintiffs proposed terms for the reasons below.

  First, Plaintiffs' proposed terms are intrusive. Paragraph 1 dictates that Dr. Moores shall order medical staff to follow DOCCS' Health Services Policy 1.24A ("HSP 1.24A" or "1.24A"). **In sum, plaintiffs are improperly asking the Court to turn a DOCCS Policy into law**. <u>Dean v. Coughlin</u> urges federal courts to exercise caution, restraint, and deference to state authorities in issuing injunctive relief regarding prison conditions. 804 F.2d 207 (2d Cir. 1986) Here, <u>if</u> Dr. Moores, in her capacity as Chief Medical Officer, determines at a later date that it would be in the best interest of the agency (or the incarcerated individuals in its custody) to deviate from 1.24A as it relates to chronic pain administration, it should remain within her discretion and authority to do so, as long as any such change does not result in a constitutional violation; such discretion should be exercised without the threat or concern of a contempt motion. To find otherwise, respectfully, would be an abuse of judicial discretion. <u>See</u> <u>Dean</u>, 804 F.2 at 213-214 ("federal courts lack the facilities or expertise needed for formulation and day-to-day administration of detailed plans designed to assure that a state will provide constitutionally acceptable prison services"); <u>see also</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 351 (1981) (courts should avoid issuing

relief representing "a court's idea of how best to operate a detention facility"). In any event, courts in this Circuit have consistently held that a violation of a DOCCS policy does not state a claim for a constitutional violation under 42 U.S.C. §1983. See Amaker v. Annucci, No. 14-CV-9692 (KMK), 2016 WL 5720798, at *4, fn 4 (S.D.N.Y. Sept. 30, 2016), aff'd, 721 F. App'x 82 (2d Cir. 2018); Thompson v. New York State Corr. & Cmty. Supervision, No. 22-CV-6307, 2022 WL 4562318, at *8 (W.D.N.Y. Sept. 29, 2022); Tuitt v. Chase, No. 9:11-CV-0776, 2013 WL 877439, at *10 (N.D.N.Y. Jan. 30, 2013).

Second, plaintiffs proposed terms extend further than necessary. While HSP 1.24A provides that chronic pain patients are to be seen every ninety (90) days and evaluated annually, Plaintiffs' proposed order would impose additional evaluations termed "individual assessments" to take place within thirty (30) days of the entry of the Order, *irrespective of when each patient's last follow up or assessment actually took place.* From a practical standpoint, this additional review and evaluation of patients who have already been evaluated would divert medical resources away from actual emergencies to bog down providers with additional and redundant administrative responsibilities. This would put providers in an uncomfortable position: either proceed with lengthy "individualized assessments", or consciously disregard another patient's safety, at the risk of being found in contempt. Further, although Plaintiffs have not made a "failure to train" claim in this litigation, Dr. Moores' declaration has made clear of her intentions to provide training to DOCCS staff, and accordingly, paragraphs 2 and 3 of plaintiffs proposed Order dictating that Dr. Moores shall ensure that all providers and incoming new hires are trained in 1.24A within 60 days extends further than necessary. See Moores Decl. ¶¶ 60-67.

Third, plaintiffs' proposed terms are not narrowly tailored. In the March 31, 2023 Opinion and Order, the Court made specific finding as to each witness who testified at the evidentiary hearing. [Dkt No. 552]. Of the individual witnesses discussed, there was no common thread to necessitate a single statewide injunction, nor did the decision contain language finding that statewide injunctions were necessary. Plaintiffs' hearing evidence collectively fell into one of three distinctly different categories: (1) witnesses who testified in relation to past, remote incidents in which they believe they were mistreated, (see Dockery, Johnson, Wilkerson, Rahman testimony), (2) witnesses who admitted that they are currently receiving adequate pain treatment, (see, e.g., Dockery, Wilkerson, Johnson Testimony), or (3) witnesses who otherwise failed to testify to any specific, non-remote instances in which they were denied necessary pain treatment by a specific provider (see e.g., Daniels, Moronta, Rivera Cruz Testimony). Additionally, the scope and substance of plaintiffs' proposed terms is at odds with F.R.C.P. Rule 23(b)(2). A Rule 23(b)(2) class requires cohesiveness with respect to their alleged injuries; therefore, an "individualized" examination of each class members eliminate the required cohesion and (b)(2) certification becomes inappropriate. See Wal-Mart, Inc. v. Dukes, 564 U.S. 338, 360-361 (2011) ("The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.").

Finally, the time period proposed within the Order are unreasonable. It appears that plaintiffs' proposed thirty (30) and sixty (60) day time limits stem from a concern regarding the statutorily imposed ninety (90) day expiration of preliminary injunctions issued under the PLRA. Plaintiffs are mistaken that the PLRA 90-day limit is an unmovable deadline within which a final entry of injunctive relief must be entered. A widespread practice has developed among all circuits

allowing parties to enter successive preliminary injunctions under the PLRA when warranted by the facts. District courts in the First[1], Second[2], Third[3], Seventh[4], Nineth[5], Tenth[6] and Eleventh[7] Circuits have recognized the availability of sequential preliminary injunctions, when necessary.

Here, DOCCS should be provided with reasonable time to comply with the terms the Court believes are appropriate in this matter, and so that the Court can reach a final determination on the merits following a reasonable amount of time following the close of discovery, and after the parties have submitted dispositive motions.

Respectfully submitted,

Oriana L. Kiley, Esq.

---

[1] See Reaves v. Dep't of Corr., 195 F. Supp. 3d 383, 427 (D. Mass. 2016) ("Pursuant to 18 U.S.C. § 3626(a)(2), this order for injunctive relief shall expire in ninety days, unless Reaves shows cause why it should be renewed.")

[2] See Barrett v. Maciol, No. 20-CV-00537, 2022 WL 130878, at *9 (N.D.N.Y. Jan. 14, 2022) (providing that preliminary injunction would expire in 90 days after entry and that "prior to the expiration of this preliminary injunction, Plaintiffs may seek to renew the preliminary injunction for an additional ninety (90) days, by making a request with the Court, in writing, seeking such an extension . . . **[or] the parties may file with the Court a stipulation agreeing to keep the preliminary injunction in place pending final resolution of the case**.")

[3] See Bowers v. City of Philadelphia, No. 06-CV-3229, 2007 WL 2972556, at *2 (E.D. Pa. Oct. 10, 2007) (detailing first and second 90-day extensions of the original 90-day preliminary injunction); Riley v. Brown, No. 06-0331, 2006 WL 1722622, at *1 n.1, *15 (D.N.J. June 21, 2006) (granting motion for second preliminary injunction)

[4] See Peacher v. Conyers, No. 20-CV-02997, 2022 WL 499893, at *3 (S.D. Ind. Feb. 17, 2022) ("The preliminary injunction will automatically expire 90 days after its issuance. . . . Mr. Peacher may request that it be renewed no later than 14 days before the injunction expires."); Jackson v. Wexford of Indiana, LLC, No. 19-CV-03141, 2019 WL 5566442, at *3 (S.D. Ind. Oct. 29, 2019) ("The preliminary injunction automatically expires ninety days after the issuance of this Order . . . . Mr. Jackson may request that it be renewed by no later than fourteen days before the injunction expires."); Farnam v. Walker, 593 F. Supp. 2d 1000, 1004 (C.D. Ill. 2009) ("[T]he preliminary injunction in this case will expire 90 days after its entry, unless the court enters a final order for prospective relief before then. **However, nothing in § 3626 prohibits the entry of successive orders for preliminary injunction if needed**.")

[5] See Mayweathers v. Newland, 258 F.3d 930, 936 (9th Cir. 2001) (citing 18 U.S.C. § 3626(b))("Nothing in the statute limits the number of times a court may enter preliminary relief. If anything, the provision simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted. The imposition of this burden conforms with how the PLRA governs the termination of final prospective relief."). McGovern v. Ferriter, No. CV 12-00101, 2014 WL 1932355, at *5 (D. Mont. May 14, 2014) ("Pursuant to 18 U.S.C. § 3626(a)(2) this preliminary injunction will automatically expire 90 days after its entry. The Court will consider requests to renew or extend the preliminary injunction should this[ ] matter not be resolved prior to that date."); Gammett v. Idaho State Bd. of Corr., No. CV05-257, 2007 WL 2684750, at *4 (D. Idaho Sept. 7, 2007) ("[T]he preliminary injunction is valid for 90 days, at which time **the Court can renew the injunction, pending the trial in this action**."); McGiboney v. Corizon, No. 18-CV-00529, 2020 WL 1666805, at *9 (D. Idaho Apr. 3, 2020) (holding that initial preliminary injunction had expired at the 90-day mark and stating that, under Mayweathers, the plaintiff "would have to continue to prove that preliminary relief is warranted in order to obtain a second preliminary injunction")

[6] See Martinez v. Reams, No. 20-CV-00977, 2020 WL 8474726, at *1 (D. Colo. Dec. 4, 2020) (following Alloway v. Hodge, 72 F. App'x 812 (10th Cir. 2003), and granting parties' request for fifth extension of preliminary injunction)

[7] See Laube v. Campbell, 255 F. Supp. 2d 1301, 1304 (M.D. Ala. 2003) ("Based on the fact that more than 90 days have now passed since the court entered the preliminary injunction in this case, the court must conclude, under the terms of 18 U.S.C.A. § 3626(a)(2), that the December 2 preliminary injunction has expired . . . . This is not to say, however, that the plaintiffs may not move for another preliminary injunction if they so desire."); See also See Melendez v. Sec'y, Fla. Dep't of Corr., No. 21-13455, 2022 WL 1124753, at *21 (11th Cir. Apr. 15, 2022) (affirming an order entering a second preliminary injunction).

Hon. Loretta A. Preska
May 30, 2023
Page 4


cc:     All counsel of record (via CM/ECF)