

Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

Oriana L. Kiley
Of Counsel
518.487.7728 phone
okiley@woh.com

June 12, 2023

**Via CM/ECF**
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, New York 10007

    Re:    *Allen et al. v. Koenigsmann, et al.*, Docket No.: 19-CV-8173 (S.D.N.Y.)

Dear Judge Preska:

    My office represents defendant Dr. Carol A. Moores ("Dr. Moores"), in her official capacity. I am writing in response to Plaintiffs' pre-motion letter requesting (i) leave to amend the Second Amended and Supplemental Complaint ("SAC") and (ii) to sever the injunctive class claims from the individual liability claims of the named Plaintiffs. (Dkt. No. 592). Dr. Moores objects to plaintiffs' proposed motions for the reasons set forth below.

### Leave to Amend the SAC

    Plaintiffs allege that amendment of the SAC "would be proper" under F.R.C.P. 15(a)(2) or F.R.C.P. 15(b)(2) without offering an analysis or application of the rules to the facts presented. To the contrary, amending the SAC now – four years into this litigation; three months after the Court made findings to support a grant of a preliminary injunction; and less than two months before a permanent injunction hearing – is unduly delayed, prejudicial and should not be permitted by the Court.

    The Court determined that the issues to be tried during the preliminary injunction hearing were the elements of the Voluntary Cessation doctrine, an affirmative defense raised by Dr. Moores, in her official capacity. (Dkt. No. 496, pp. 21-22). The only claim tied to Dr. Moores is the First Claim for Relief in the SAC, for injunctive relief for Policy Implementation and Enforcement of the MWAP Policy. (Dkt. No. 256, pp. 137-138). Following the February 2023 evidentiary hearing, plaintiffs **conceded** that rescinding the MWAP policy and removing the RMDs mooted any claims for injunctive relief based on plaintiffs' First Claim for Relief (Dkt. 545, p. 5; Dkt. 552, pp. 46-47). However, plaintiffs' manufactured a new theory in their post-hearing brief: that Dr. Moores, the official capacity defendant, failed to disprove that the allegations tied to Plaintiffs' Second Claim for Relief, for damages. The Second Claim for Relief states – in large bold lettering – that it is a claim *for alleged actions taken by the individually named DOCCS*

Hon. Loretta A. Preska
June 12, 2023
Page 2

*defendants under the MWAP regime*. (Dkt. No. 256 ¶¶1055-1067).[1] The Second Claim for Relief is a claim for damages: it lists each individually named defendant, and does not list Dr. Moores, or an official capacity defendant. See (Giaquinto v. Comm'r of NYS Dept. of Health, 11 N.Y.3d 179, 188-189 (2d Cir. 2008)(an official capacity defendant may only be sued for injunctive relief, and not for damages).

In its March 31, 2023 Opinion, the Court supported plaintiffs' concession that the First Claim for Relief was moot, and further supported plaintiffs' arguments that "the equitable relief that plaintiffs now seek is tied to their second claim for relief regarding the discontinuation of MWAP Medications 'regardless of the patient's medical needs'" and thus opined that Dr. Moores' arguments failed because the Court found that the injuries alleged in the second claim of the SAC continue today. (Dkt. No. 552, p. 46).

Plaintiffs are suddenly seeking leave to amend their Second Claim for Relief to now name Dr. Moores as a defendant to that claim, and to relieve so-called "confusion" and because "it is clear from the pleadings, including the allegations after the Cause of Action headers themselves and the prayer for relief that Plaintiffs sought injunctive and declaratory relief for both claims" (Dkt. No. 593).  There is no confusion here – Dr. Moores intends to raise this dispositive jurisdictional issue on appeal.  (See Dkt. No. 570).  The issues raised in connection with the Preliminary Injunction have been fully litigated and a decision has been rendered. Therefore, Plaintiffs' belated attempt to cure this defect should be rejected.  Further, the "Wherefore" clause, which predicates the Prayer for Relief (which Plaintiffs have not requested to amend), unequivocally states, "Wherefore, Plaintiff requests that the Court grant the following relief ***against Defendant DOCCS' physicians and administrators in their individual capacities***." (see Dkt. No. 256 ¶¶ 1105-1112).  For these reasons alone, the Court should not contemplate a motion on this issue.

Under F.R.C.P. 15 (a)(2) titled "Amendments Before Trial", Plaintiffs may amend their pleading "only with the opposing party's written consent or the court's leave." While F.R.C.P. 15(a) states that leave should be freely given when justice so requires, the court has discretion to deny leave in situations such as the one here.  "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most importantly, the resulting prejudice to the opposing party." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843,856 (2d Cir. 1981). Here, the Court should deny Plaintiffs request to amend their complaint for undue delay.  As stated above, this request to amend comes four years after this case commenced, and approximately two months before a permanent injunction hearing is scheduled to proceed on August 7, 2023.  The Second Circuit has found that a district court was reasonable to deny plaintiffs leave to amend a pleading because "[the] request to amend a complaint that was filed two and one-half years after the commencement of the action, and three months prior to trial . . . constituted undue delay. Zahra v. Town of Southold, 48 F.3d 674 (2d Cir. 1995).

Further, each allegation under the Second Claim for Relief is specific to "defendant MDs and Mid-Level Clinicians" and  "Defendant RMDs", each represented by counsel  (Dkt. No. 256

---

[1] *Compare with* Plaintiffs First Claim for Relief: 42 U.S.C. 1983: Deliberate Indifference to Health or Safety – Policy Implementation and Enforcement (Against Defendants . . . and Defendant Morley in his official capacity for injunctive purposes).

¶¶1055-1067). To tie Dr. Moores to the conduct of the individually named defendants in this matter poses ancillary yet significant problems for co-defense counsel in this case. Even if the Court severs the claims against the individually named defendants, the way the Second Claim for Relief is written leaves no option but for Dr. Moores to raise factual issues related to the underlying conduct of the individually named defendants in this matter, which will inevitably result in final liability findings. Dr. Moores defers to the arguments made by co-defense counsel regarding their right to a jury trial and requests to move for summary judgment before a trial on the merits.

Under F.R.C.P. 15(b)(2), titled, "Amendments During and After Trial; For Issues Tried by Consent," states, "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue." Amendment under Rule 15(b)(2) is inapplicable for two reasons: First, to the extent plaintiffs seek amendment in anticipation of the forthcoming August 7 permanent injunction hearing, Rule 15(b)(2) cannot apply as it only speaks to amendments during and after trial.

Second, to the extent the Court may contemplate the past preliminary injunction hearing to be "the trial" for purposes of Rule 15(b)(2), this rule is also inapplicable because **there was no express or implied consent – on or off the record – that the issue of voluntary cessation was to be evaluated in connection with Plaintiffs' Second Claim for Relief**. To the contrary, during the January 5, 2023 pre-trial conference, the Court expressly stated that the "complained of conduct" to be determined at the preliminary injunction hearing was solely the implementation of Policy 1.24A, which mirrors exactly what is alleged in the First Claim for Relief only, against the official capacity defendant. (Dkt. No. 508, p. 5:18-6:3). Thus, Dr. Moores' post-trial memorandum correctly briefed only the issues as they related the First Claim for Relief; to the extent plaintiffs had a right to seek amendment of the claims for purposes of the preliminary injunction hearing, they never did so before the Court made its ruling in its March 31, 2023 Opinion.

## Severance of Claims

Under F.R.C.P. 21, a court may "sever any claim against a party," a procedural device to be employed "only in exceptional circumstances." Oram v. SoulCycle LLC, 979 F. Supp.2d 498, 503 (S.D.N.Y. 2012) (citation omitted). "The moving party bears the burden of demonstrating that severance is required to avoid prejudice or confusion and to promote the ends of justice." N. Jersey Media Group Inc., v. Fox News Network, LLC, 312 F.R.D, 111, 114 (S.D.N.Y. 2015). Courts in the Second Circuit consider the following factors in determining whether to sever claims: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Oram, 502-03.

To the extent the Court grants plaintiffs' leave to amend the SAC to add Dr. Moores to the Second Claim for Relief – which would be the only remaining claim against Dr. Moores, asserted

Hon. Loretta A. Preska
June 12, 2023
Page 4

for the first time on the eve of trial – and then subsequently severs each of the individually named defendants from the Second Claim for Relief, it leaves no merits claim to litigate. To obtain a permanent injunction, "a plaintiff must succeed **on the merits** and show the absence of an adequate remedy at law and irreparable harm if the relief is not granted." Roach v. Morse, 440 F.3d 53, 56 (2d Cir.2006) (internal quotation marks omitted). Here, the issues to be tried under the Second Claim for Relief are Eighth Amendment deliberate indifference to medical care *as to the "Defendant MDs and Mid-Level Clinicians" and "Defendant RMDs"*. As stated above, each and every allegation under the Second Claim for Relief is specific to the individually named DOCCS defendants. In fact, this Court expressly held in the March 31, 2023 decision that:

> Plaintiffs have not asserted a *Monell* claim against Dr. Moores. Instead, **Plaintiffs seek injunctive relief related to DOCCS providers' unjustified denial and discontinuation of MWAP medications as described in Plaintiffs' second claim for relief**. . . Because Dr. Moores has the responsibility as DOCCS' CMO for the alleged illegal action of her subordinates, Plaintiffs may properly seek injunctive relief targeted to Dr. Moores. As such, **Plaintiffs need not establish a deliberate indifference claim against Dr. Moores**. If Plaintiffs can establish that the DOCCS providers continue to deny and discontinue MWAP medications without proper medical justification, then the Court may order injunctive relief remedying these harms through Dr. Moores' office. (Dkt. No. 552, pp. 49-50).

Moreover, the Eighth Amendment deliberate indifference analysis requires the subjective element, that the defendant prison official acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 183- 184 (2d Cir. 2003). Therefore, the Court's analysis would require that at least one defendant remain to establish the requisite mens rea tied to the Second Claim for Relief to establish the merits of the underlying Eighth Amendment claim against the individually named defendants.

Respectfully submitted,

*Oriana Kiley*

Oriana L. Kiley, Esq.

cc:   All counsel of record (via CM/ECF)