

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8550

June 12, 2023

**VIA ECF**
The Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Allen v. Koenigsmann, et al.</u>
                19 Civ. 8173 (LAP)

Dear Judge Preska:

        This Office represents the State Represented Defendants in the above-referenced action. I write in response to Plaintiffs' June 4, 2023, letter motion seeking a pre-motion conference to discuss a proposed motion (i) pursuant to Federal Rule of Civil Procedure 21, seeking to sever the injunctive class claims in this action from the individual liability claims of the named Plaintiffs, and (ii) pursuant to Rule 15, seeking leave to amend the Second Amended Complaint.

        By way of background, State Represented Defendants and Non-State Represented Defendants have previously raised concerns that it would be prejudicial, and violate the Seventh Amendment, for the permanent injunction hearing to proceed before a jury has resolved factual issues as to the liability of each individual Defendant. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-511 (1959) (in general, legal claims should be decided by a jury before the court decides equitable claims); *see also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478-79 (1962). As the issues are currently framed, defendants are concerned that a common factual issue decided by the Court at the permanent injunction hearing scheduled for August 7, 2023, could preclude a contrary determination of such an issue by the jury on the legal claims of individual Plaintiffs. As such, and as extended by the Second Circuit, the legal issues must be decided before the injunction hearing should proceed. *See Wade v. Orange Cnty. Sheriff's Office*, 844 F.2d 951, 954-55 (2d Cir. 1988).

Hon. Loretta A. Preska                                                                                              Page 2
June 12, 2023

      Although, in their letter, Plaintiffs acknowledge the Supreme Court's injunction as to the timing of deciding legal and equitable claims, and argue that their proposed motion addresses these concerns, it is the State Represented Defendants' position that the proposed motion does not, in fact, resolve the Seventh Amendment issues.

      Severance of the liability claims from the injunctive claims will not avoid the potential preclusion issues, whether by a "law of the case" theory or a theory of collateral estoppel, and the Seventh Amendment problem would not be resolved.  Although Rule 21 permits a court to "add or drop a party" or "sever any claim against a party," a movant under the Rule bears the burden to show that severance would avoid prejudice to the affected parties.  *See North Jersey Media Group Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114-15 (S.D.N.Y. 2015). Plaintiffs have not demonstrated how State Represented Defendants would not be prejudiced.

      It is not clear, moreover, how the partial complaint Plaintiffs attached to their letter motion would address Defendants' concerns. The proposed amendment expressly includes damages claims against, at a minimum, the State Represented Defendants. It is also unclear why Plaintiffs' proposal would not constitute improper splitting of claims on behalf of individual named Plaintiffs, who apparently propose to seek an injunction in one federal action and damages in a different federal action premised upon the same transaction and occurrence.

      Although Rule 15(a)(2) provides that leave to amend should be freely given, Plaintiffs' proposed amendment here does not alleviate State Represented Defendants' concerns that proceeding with a permanent injunction hearing before individual Defendants' liability issues are resolved will result in prejudice.

      In sum, State Represented Defendants respectfully suggest that the issue addressed by the Supreme Court in *Beacon* should be resolved before briefing as to Plaintiffs' proposed motion is entertained.

      We thank the Court for its attention to this matter.

                                           Respectfully submitted,

                                           */s/ Michael Keane*
                                           Michael Keane
                                           Ian Ramage
                                           Assistant Attorneys General
                                           michael.keane@ag.ny.gov
                                           Ian.ramage@ag.ny.gov

cc:      Counsel of Record (via ECF)