

**Conway, Donovan & Manley, PLLC**

*Attorneys and Counselors at Law*

www.lawcdm.com

MICHAEL C. CONWAY
RYAN T. DONOVAN**
RYAN E. MANLEY
LAUREN MORDACQ
ROBERT C. TIETJEN***
LUKAS HOROWITZ

*** Also admitted in Massachusetts*

**** Of Counsel*

Telephone: 518.436.1661
Facsimile:  518.432.1996
*Service by fax not accepted*

June 12, 2023

**VIA ECF**

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: **Allen v. New York State Dep't of Corr. and Cmty. Supervision**
      19-CV-8173 (LAP)

Dear Judge Preska:

  This firm represents Albert Acrish, Ann Andola, Mary Ashong, Peter Braselmann, Mikhail Gusman, David Karandy, Chun Lee and Kathleen Mantaro (non-state represented defendants or NSRDs) in the above matter. I am in receipt of Plaintiffs' letter dated June 4, 2023 at Dkt. No. 593.

  Generally speaking, the NSRDs do not oppose severance of the individual liability claims of each of the named Plaintiffs against their counterpart Defendants and away from the injunction class action. "[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independent." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502 (S.D.N.Y. 2013). It is my understanding that if these cases are severed, that each named plaintiff's case would be assigned a separate index number. If granted, Plaintiff's counsel has suggested the refiling of the operative pleading in this matter for each of the newly severed actions. My position would be that the filing of separate pleadings similar to the pleadings of the newly filed related cases may be more appropriate. It is also unclear if Plaintiff's counsel would then be also seeking via amendment to add additional claims and defendants to the severed claims.[1] I do recognize that these nuances may end up being a part of a larger conversation

---

[1] Separate lawsuits have been filed by named plaintiffs to this action being *Bernard v. Dinello et al* 23-cv-03323; and *Williams v. Dinello et al* 23-cv-03608. These lawsuits do have additional defendants and also appear to have

amongst the parties for a different day.

While severance may potentially resolve any *law of the case* issues with regard to all of the parties being intertwined to the same case, pleading, and cause of action, I am not so convinced to date without further assurances or protections for my clients that severance alone fully addresses the potential precedential or preclusion issues involved in holding a permanent injunction hearing regarding shared injunction and liability factual issues ahead of jury trials is appropriate. With the way that this case is pled, it would seem to place the PLRA's 90 day requirement for permanency of an injunction in lieu of expiration or stipulated extension at odds with my client's Seventh Amendment rights and the Supreme Court's holdings in *Beacon Theatres* and *Dairy Queen*.

The Order entered by this Court today at Dkt, No. 602 pp. 4-5 in fact states with regard to the preliminary injunction that:

> "Specifically, the Court found that Plaintiff Class members were likely to prevail on the merits of their claims that DOCCS medical providers are deliberately indifferent to the Plaintiff Class members' serious medical need of treatment for chronic pain and neuropathies"

A logical presumption would be then that if a permanent injunction were to be granted that there may very well be a finding that "Plaintiff Class members *actually* prevailed on the merits of their claims that DOCCS medical providers were deliberately indifferent." The current named injunctive class members are Mark Daniels, Terry Mathis, Rashid Rahman and Felipe Rivera-Cruz. All have active individual liability claims against one or more of my clients based upon the same facts and cause of action in the Second Amended Complaint. Of my current clients, Plaintiffs' counsel has indicated that they intend to call Gusman, Andola, Acrish, Ashong, Karandy, and Lee[2] at the injunction trial. Under the present conditions, the potential precedential or preclusive effect a permanent injunction ruling could have on the liability cases warrants further discussion and exploration. Plaintiffs' counsel has stated a willingness to a continued discussion with regard to these issues and potential solutions as they may specifically affect my clients. I welcome further discussion with the parties and the court.

Thank you for the Court's consideration.

Respectfully Submitted,

**CONWAY, DONOVAN & MANLEY, PLLC**

*s/Ryan E. Manley*

Ryan E. Manley
RManley@lawcdm.com

---

*additional claims against previously named defendants. Ms. Agnew did indicate that the Bernard filing may have been mistaken at our in-person court conference.*

[2] Dr. Lee retired in late 2019 and worked on a per diem basis until 2021.

cc. All parties via ECF