

Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

Oriana L. Kiley
Of Counsel
518.487.7728 phone
okiley@woh.com

June 16, 2023

**Via CM/ECF**
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, New York 10007

    Re:    *Allen et al. v. Koenigsmann, et al.*, Docket No.: 19-CV-8173 (S.D.N.Y.)

Dear Judge Preska:

    My office represents defendant Dr. Carol A. Moores ("Dr. Moores"), in her official capacity. On June 13, 2023, a telephone conference was held, during which the Court requested a letter from the parties as to our positions on whether evidence in the record on the preliminary injunction motion held in February of 2023, should be incorporated into the record for the forthcoming permanent injunction trial, currently schedule to proceed on August 7, 2023. It is our position that the preliminary injunction record should not be incorporated in the forthcoming trial because (i) findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at a trial on the merits, and (ii) different standards apply to permanent injunctions than preliminary injunctions.

    It is well-settled that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at the trial on the merits." University of Texas v. Camenisch, 451 U.S. 390, 394 (1981); see also Dep't of Health & Hum. Servs., U.S. Food & Drug Admin. v. RxUSA Wholesale Inc., 285 Fed. Appx. 809, 810 ("The factual findings and conclusions of law made by the District Court in granting a preliminary injunction are not binding in subsequent proceedings before the Court."); Alharbi v. Miller, 368 F. Supp. 3d 527, 556 (E.D.N.Y. 2019), aff'd in part, dismissed in part, 829 F. App'x 570 (2d Cir. 2020) ("A district court's decision to grant a temporary or preliminary injunction does not constitute the law of the case and will not estop the parties nor the court as to the merits of the case") (internal quotation marks and citations omitted). For this reason alone, the Court should not consider the preliminary injunction record at the forthcoming permanent injunction trial.

    In this regard, the Court should consider that the standards for granting preliminary and permanent injunctive relief are different. Plaintiffs were required only to establish a *likelihood of success* on the merits of their claims at the preliminary injunction stage, whereas in the upcoming trial, Plaintiffs *must actually succeed* on the merits of their claim New York Progress and

Protection PAC v. Walsh, 733 F.3d 483, 486 (2d Cir. 2013); *cf*. Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006). This distinction is crucial: given the different standard for relief, preliminary injunctions are "customarily granted on the basis of procedures that *are less formal and evidence that is less complete than in a trial on the merits* [.]" University of Texas, 451 U.S. at 394 (emphasis added). Thus, the circumstances that led to the admission of exhibits, testimony and other evidence in the preliminary injunction phase of this case—including the parties' prior stipulations as to the admission of evidence for that purpose, and their decisions as to whether to object to the evidence offered by the other parties for that purpose—were far different. As such, it would be fundamentally unfair and prejudicial to simply admit the preliminary injunction into evidence at trial.

Moreover, under F.R.C.P. Rule 65(a)(2), the Court cannot consolidate the preliminary injunction to a permanent injunction because it did not give *clear and unambiguous notice from the Court at the preliminary injunction hearing* to the parties of its intention to do so. See Woe by Woe v. Cuomo, 801 F.2d 627, 629 (2d Cir 1986). During the February 2023 preliminary injunction hearing, no such notice was made by the Court, and thus no consolidation was ordered. (See Dkt. Nos. 537, 539, 541; see also Dr. Moores' May 4, 2023 letter to the Court regarding conversion, Dkt. No. 576).

Next, we understand that Rule 65(a)(2) includes a provision for when consolidation is not ordered. However, Plaintiffs gloss over important language. Incorporating the preliminary injunction record into the trial record is still inconsistent with the language of Rule 65(a)(2), because it provides, "evidence that is received on [a preliminary injunction] motion ***and that would be admissible at trial*** becomes part of the trial record and need not be repeated at trial [on the merits]". Here, much of the evidence at the preliminary injunction hearing in February was admitted by stipulation or without objection because the circumstances were different, and thus no admissibility findings were made by the Court on the record as to that evidence. See City of New York v. Golden Feather Smoke Shop, Inc., 2013 WL 3187049, at *14 (E.D.N.Y. June 20, 2013) (where "a court has made findings of fact and conclusions of law in granting a preliminary injunction, those earlier findings and conclusions of law are not binding in a later summary judgement motion…Nevertheless, the Court may, to *the extent that they were supported by admissible evidence*, consider them."). Accordingly, the Court would have to make findings as to admissibility of each piece of evidence previously admitted by stipulation.

We note that the one case cited by plaintiffs is significantly different than the circumstances presented here. Sec. & Exch. Comm'n v. N. Am. Research & Dev. Corp., 511 F.2d 1217 (2d Cir. 1975). In *S.E.C.*, the district judge gave the parties adequate notice before the commencement of the trial that it would rely on the preliminary hearing evidence; again, here, no such notice was made. Further, in *S.E.C.*, there was a five-year time lapse and change in judges between the hearing on the preliminary injunction and the trial on the permanent injunction; these factors necessitated a reading of the preliminary hearing transcript into the record at the merits trial. None of these factors is present in our case. Finally, it is our understanding that the scope of the forthcoming permanent injunction trial will be *either* (i) from the date of the preliminary injunction hearing (February 6, 2023), and onward; or (ii) from the date the preliminary injunction Order was entered by the Court (June 12, 2023), and onward. In either time period, there would be no need for testimony or evidence that predates the preliminary injunction hearing date in any event.

Hon. Loretta A. Preska
June 16, 2023
Page 3

      For these reasons, the evidence in the record on the preliminary injunction motion held in February of 2023, should not be incorporated into the record for the forthcoming permanent injunction trial.

                                        Respectfully submitted,

                                        Oriana L. Kiley, Esq.

cc:      All counsel of record (via CM/ECF)