STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8659

July 7, 2023

**VIA ECF**
The Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Allen v. Koenigsmann*, 19 Civ. 8173 (LAP)

Dear Judge Preska:

This Office represents defendants Carl Koenigsmann, John Morley, Susan Mueller, David Dinello, John Hammer, and Kristin Salotti (together, "State Represented Defendants") in the above-referenced action. We write in response Plaintiffs' letter dated July 1, 2023 (Dkt No. 628), which asks this Court to issue a proposed Order concerning the damages claims in the above-referenced action. (Dkt No. 628-1). Plaintiffs' proposed order raises a number of legal issues that, we respectfully submit, have not been adequately addressed by the procedure selected by Plaintiffs and the proposed order. These concerns were raised with Plaintiffs' Counsel and, although we were able to agree on many issues, we ultimately were unable to resolve the matters set forth herein. For the reasons summarized below, State Represented Defendants respectfully request a conference to discuss these issues. In the alternative, we request that the Court issue an order directing the parties to confer in anticipation of submission of a proposed stipulation and order that dismisses all damage claims in *Allen I*, and dismisses all parties other than Defendant Moores and the proposed new class representatives in *Allen I*, without prejudice and without costs or attorneys' fees to any party.

First, Plaintiffs' proposed order states that they have already filed 14 new actions asserting the same damage claims being asserted in *Allen I*. (Dkt No. 628-1, ¶ 3). However, they have also added *new* Defendants and claims in those actions, (*Id.*, ¶¶ 3, 5), which has created numerous additional complications. In fact, State Represented Defendants had advised Plaintiffs that this did not appear to be the proper way to proceed — the claims for damages in *Allen I* should instead first be severed by the Court — and as such, it was not our belief at this time that these new cases would be filed. It is respectfully submitted that, because there are now new pending actions, the only proper order to be entered in *Allen I* would appear to be an order dismissing the damage

Hon. Loretta A. Preska                                                                                   Page 2
July 7, 2023

claims and parties (all parties other than Defendant Moores and the proposed new class representatives) without prejudice to refiling and without costs or fees to any party. State Represented Defendants would not object to such an order.

It is also respectfully submitted that the Court can no longer properly "sever" the damage claims in *Allen I* because they are already pending in other filed actions – and the allegations and defendants in those actions are *not* identical to those in *Allen I*. (*See* Dkt No. 628-1, ¶¶ 3, 5). And the arguments about the legal effects of refiling the damage claims in new actions that Plaintiff seeks to summarily resolve in the proposed order, such as, for example, whether the claims relate back to the filing of *Allen I*, whether discovery can be consolidated and proceed on the schedule set in *Allen I*, and whether any of the Court's rulings should constitute law of the case in the new actions, must be decided as those actions progress. To state only one obvious concern, the new defendants added in Plaintiffs' new cases must be served, joined, and given an opportunity to object to any such orders.[1] There are further concerns about service, scheduling, answers, affirmative defenses, dispositive motions, and the ability to reserve certain rights to appeal raised by the procedure employed by Plaintiffs that this proposed order attempts to address, but in a manner that appears to be contrary to law. Again, to state one obvious concern, the Court would not appear to have personal jurisdiction over a defendant in a new action until they are served, so any order providing that a defendant in one of those new actions is deemed to have been served years ago because they were a party to *Allen I* would appear to be facially defective.[2]

Second, we do not agree with Plaintiffs' contention that the *named* Plaintiffs can split their damage and injunctive claims concerning the same transactions and occurrences between two separate federal actions. "With some exceptions, …the class action judgment bars class members from pursuing individual lawsuits that arise from the same transaction and occurrence as the class action, but it does not bar class members from pursuing individual lawsuits that are not transactionally related to the class's claims." *In re AXA Equitable Life Ins. Co. COI Lit.*, 16 Civ. 0740, 2020 WL 4694172, at *4 (S.D.N.Y. Aug. 13, 2020) (citing William B. Rubenstein, *6 Newberg on Class Actions* § 18:16 (5th ed. 2020)). The cases Plaintiffs cite stand only for the proposition that *absent class members* can sometimes seek damages in a separate action. This narrow exception to the rule against claim splitting derives from the fact that absent class members in an action certified only under Federal Rule of Civil Procedure 23(b)(2) are not given notice and allowed an opportunity to opt-out, and extinguishing their damage claims by requiring them to be brought in an action to which they may not have been alerted could raise due process concerns. *See e.g., In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 114-15 (E.D.N.Y. 2012); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992) (collecting cases). Those potential due process concerns are not at issue in regard to the splitting of claim by named Plaintiffs.

---

[1] Contrary to the case citations in Plaintiff's submission, (Dkt No. 628-1, ¶ 3), the new cases do not appear to have been assigned to Your Honor though the procedures used by the Southern District of New York at this time.

[2] Additionally, as we previously advised Plaintiffs, the filing of new actions which primarily assert claims that are pending in *Allen I* instead of severance would activate necessary procedural steps related to representation of existing *Allen I* defendants pursuant to New York Public Officers Law § 17, including but not limited to issues of potential conflict and the potential certification of a defendant for representation by outside counsel. These analyses are now likely more substantively complicated in light of the fact that Plaintiffs have added new parties and claims to some of the actions.

Hon. Loretta A. Preska                                                                                                    Page 3
July 7, 2023

      Plaintiffs nonetheless propose that Mark Daniels, Felipe Rivera-Cruz, Terry Mathis, and Rashid Rahman assert their injunctive claims individually and as class representatives in *Allen I*, and then assert their damage claims arising out of the same transactions and occurrences in separate federal actions. (Dkt No. 628-1). This constitutes an impermissible splitting of these named Plaintiffs' claims. If Plaintiffs still elect to proceed in this manner, State Represented Defendants anticipate they will move to dismiss those cases on, *inter alia*, the grounds set forth above. We accordingly respectfully request that the Court schedule a conference to discuss the issues raised by Plaintiffs' submission. In the alternative, we request that the Court issue an order directing the parties to confer in anticipation of submission of a proposed stipulation and order that dismisses all damage claims in *Allen I*, and all parties other than Defendant Moores and the proposed new class representatives in *Allen I*, without prejudice and without costs or attorneys' fees to any party.

      Additionally, we will briefly address Plaintiffs' Counsel's assertions that, although Plaintiffs currently seek no relief, Counsel for witness Sterling Avellino will be moving to quash the subpoena issued by State Represented Defendants. State Represented Defendants seek to depose Mr. Avellino because he submitted a Declaration that sets forth facts concerning the "Project Bob" spreadsheet that Plaintiffs offered into evidence in support of their Motion to Certify Class (Dkt No. 346), and because Plaintiffs' Counsel had previously identified Mr. Avellino as the individual who could answer questions about its preparation. (Dkt No. 368). While Plaintiffs' Counsel has stated that "Project Bob" will not be used in connection with any damage claims, Plaintiffs' expert, Dr. Carinci, specifically included "Project Bob" in the exhibits to his report and identified it as a document he relied upon for his conclusions. (Dkt Nos. 362-28 thru 362-33). We have reason to believe some of the information set forth in "Project Bob" is inaccurate, incomplete, or misleading. Accordingly, because this spreadsheet was a substantial basis for Dr. Carinci's conclusions, Defendants have a right to inquire into its creation.[3] While we were not aware that Mr. Avellino was related to Ms. Agnew at the time his deposition was first sought, and only recently became aware of this relationship, we submit that the relationship of the witness to Plaintiffs' Counsel is not relevant to the request.

      Plaintiffs' Counsel now claims that Mr. Avellino's involvement in the creation of this spreadsheet extends only to the writing of "python code" that would purportedly allow information to be copied from certain records. (*See* Dkt No. 628, ¶ 10). However, the declaration previously submitted by Mr. Avellino appears to sweep much more broadly. (Dkt No. 368). And Plaintiffs have not provided the program used by Mr. Avellino. Regardless, we have attempted to discuss alternatives with Plaintiffs' Counsel without success. Some of these alternatives are: a deposition by video; a more knowledgeable witness identified by Plaintiffs; a 30(b)(6) deposition concerning the creation of "Project Bob"; an initial deposition by written questions or interrogatories without prejudice to necessary follow-up; or even, some agreed limitation upon the evidence and opinions to be offered from Dr. Carinci on a case-by-case, plaintiff-by-plaintiff basis. We remain open to discussing these options. We have also attempted to discuss the scheduling of Mr. Avellino's

---

[3] If Plaintiffs' Counsel agrees not to use Dr. Carinci's conclusions in support of their claims against State Represented Defendants, there would be no need for this deposition and the subpoena would be withdrawn. But Plaintiffs' unsupported statement that State Represented Defendants have somehow waived any ability to challenge the admissibility of even weight of any statement in Dr. Carinci's report because they did not move to strike the report in its entirety is completely meritless.

Hon. Loretta A. Preska  Page 4
July 7, 2023

deposition with Plaintiffs' Counsel for several months, and were recently told verbally and in writing that we would have to "serve him first." We thus selected a date without input from Counsel, but also remain willing to adjourn the deposition as necessary to accommodate the schedule of the witness and Counsel.

    We thank the Court for its attention to these matters.

Respectfully submitted,

<i>/s/ Ian Ramage</i>

Ian Ramage<br>
Michael Keane<br>
Assistant Attorneys General<br>
Ian.Ramage@ag.ny.gov<br>
Michael.Keane@ag.ny.gov

cc:    Counsel of Record (via ECF)