# LAW OFFICE OF AMY JANE AGNEW

Honorable Loretta A. Preska
Senior Justice, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

July 8, 2023

**VIA ECF**

**Re:** *Allen, et al. v. NYS DOCCS, et al.,* 19-cv-8173 (LP)(SN)

Dear Judge Preska:

Plaintiffs write in reply to State Defendants' letter of July 7, 2023. (Dkt. No. 637.)

## Order to Sever Individual Liability from Injunctive Class Claims

First, State Defendants offer no authority for their position that the severance of the Plaintiffs' damages claims from the injunctive and declaratory relief claims is improper. (Dkt. No. 637.) None. (See dkt. no. 637 at 3 "This constitutes an impermissible splitting of these named Plaintiffs' claims." (*citation inexplicably missing*).) State Defendants merely point out, as Plaintiffs before them, that the applicable authority makes no mention of named representative plaintiffs. State Defendants offer no rule, doctrine, or authority for the proposition that the four named injunctive class representatives cannot proceed with severed damages claims just as they could if they were absent class members with separate suits.[1]

And let us be clear: if Plaintiffs agreed that the four representative plaintiffs -- Mark Daniels, Terry Mathis, Felipe Rivera-Cruz and Rashid Rahman -- should maintain their damages claims within the permanent injunctions trial, State Defendants would wait until the eleventh hour and argue that the individual plaintiffs' damages claims must be tried separately due to prejudice to each named Defendant. In fact, their ethical duties to their respective clients would demand they do so. Non-State Represented Defendants certainly would object to a consolidated trial as well. And then what? Would the findings of fact and holdings of the Court be used as issue preclusion in the other damages cases because the State Represented Defendants did get to defend themselves on the issues in the permanent injunction trial? Again, State Defendants offer no substantive solutions.

Second, State Defendants confuse the procedural posture at this point. The Court has already ordered severance – during the June 13, 2023 telephonic conference. The moment in

---

[1] Plaintiffs' counsel loves a good chit-chat, but sitting through meet and confers peppered with comments based on "our understanding," "we believe," "it's our position" and not one reference to a rule, case, or even a clever law review article is not helping move this case forward.

which the claims "must first be severed by the Court" has passed. (See dkt. no. 637 at 1.) To facilitate the severance, the individual complaints were filed under separate docket numbers – the very same outcome as if the clerk's office had electronically "severed" the cases. The cover of each new complaint reads, "**AMENDED COMPLAINT AS SEVERED FROM 19-cv-8173(LAP)**" and each case has been accepted as related to the instant matter. These are not "new" actions; they are severed claims. They would have new docket numbers regardless of how severed. State Defendants have already moved to dismiss the claims and lost; severance is not opportunity for a redo.[2]

Even given this opportunity to object to provisions in an order regarding the mode of severance, State Defendants ask to conference the issue *again,* but offer no alternative provisions, proposals, nor authority. State Defendants merely seek to thrust unnecessary work on an already over-obligated clerk's office and fail to explain why this is necessary. While Defendants' attempts to stall this litigation have been commendable for sheer tenacity and dedication, march forward we must.

**The Deposition of Sterling Avellino**

State Defendants now reveal the real reason that they need to depose the 19-year-old python coder – so they can wrest an agreement out of Plaintiffs' counsel to "not [use] Dr. Carinci's conclusions in support of their claims against State Represented Defendants" (dkt. no. 637 at n 3) or to come to "some agreed limitation upon the evidence and opinions to be offered from Dr. Carinci on a case-by-case, plaintiff-by-plaintiff basis." (Dkt. No. 637 at 3.) At least we now have a motive, but that sounds like fodder for an *in limine* motion, not a negotiating tactic to quell harassment of a teenager. They also suggest Mr. Avellino's declaration "sweep[s] more broadly" that his description of the actions he took to create Project Bob. (Ibid.) It does not; they need to read it.

It is of note that State Defendants deposed Dr. Carinci on August 17, 2022 – almost a year ago -- and Mr. Keane only very briefly questioned Dr. Carinci on one of the Project Bob subsets despite having seven hours to ask him anything. It is also of note that it is July 8, 2023, less than 30 days before the close of discovery, and State Defendants have not served this office with an actual request for the python code which we have multiple times told them we possess. The fact that State Defendants suggest Mr. Avellino did not identify the "program" he used to create Project Bob suggests they have not spoken to one person with knowledge of python code, nor even googled it. And, here, yet again, they make references to a "reason to believe some of the information set forth in "Project Bob" is inaccurate, incomplete, or misleading," but identify no instances. State Defendants' assertions that they need to depose Mr. Avellino in order to limit Dr. Carinci's testimony cannot be taken seriously. State Defendants are silent on what exactly a 19-

---

[2] In resolution of the two improvidently filed actions – which Plaintiffs readily own as their error – we can dismiss those and refile the two plaintiffs' claims just as we did the other twelve, or we can move forward with the new claims and defendants as if they have just been filed for the first time. The issue is not that deep.

| *New York Office* | (973) 600-1724 | aj@ajagnew.com | *New Jersey Office* |
| 24 Fifth Avenue, Suite 1701 | | | 36 Page Hill Road |
| New York, NY 10011 | | | Far Hills, NJ 07931 |

year-old python coder would know about the breadth of expert testimony applicable to each plaintiff in related litigation matters. Regardless, State Defendants have yet to serve the witness which is also a bit inexplicable. When and if they do serve the witness, both Plaintiffs and the witness will move to quash and request all related fees and costs.

Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.

*New York Office*     (973) 600-1724     aj@ajagnew.com     *New Jersey Office*
24 Fifth Avenue, Suite 1701     36 Page Hill Road
New York, NY 10011     Far Hills, NJ 07931