UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALLEN, et al.,

                                       19-cv-8173 (LAP)(SN)

                Plaintiffs,

                                       **ORDER**
      - against -                        **REGARDING SEVERANCE**
                                       **OF CLAIMS AND COLLATERAL**
KOENIGSMANN, et al.,             **ESTOPPEL ISSUES**

                Defendants.
-----------------------------------------------------------------X

       IT IS HEREBY ORDERED that the severance ordered on the record during the June 13, 2023 conference between the Court and parties, shall proceed as follows:

       1)      The Plaintiff Class's claims for injunctive and declaratory relief, the full docket to date, and the current operative complaint shall remain under case number 19-cv-8173(LAP) ("*Allen I*").

       2)      The Representative Plaintiffs for the Plaintiff Class in *Allen I* shall be Mark Daniels, Felipe Rivera-Cruz, Terry Mathis, and Rashid Rahman.

       3)      Plaintiffs' counsel has already filed separate complaints alleging liability and damages claims for the remaining fourteen (14) individual Plaintiffs under separate docket numbers, that contain the same allegations of the operative Complaint in *Allen I*, but omit allegations related to the class, injunctive, and declaratory relief and other individual Plaintiffs' allegations ("Individual Plaintiff Cases"). No new factual allegations, claims, or parties will be added to the Individual Plaintiff Cases mentioned herein, except to those of Brian Bernard and Derrick Williams. The severed Individual Plaintiff cases are as follows:

  a. *Peter Allen v. Carl Koenigsmann, Susan Mueller, David Dinello, Ann Andola, and Mikhail Gusman,* 23-cv-5651(LAP);

  b. *Brian Bernard v. David Dinello, Susan Mueller, Chung Lee, Robert Burdick and Brandi Lynn Corigliano,* 23-cv-3323(LAP);

  c. *Mark Daniels v. Susan Mueller and Chung Lee,* 23-cv-5654(LAP);

  d. *Shannon Dickinson vs. Susan Mueller, Chung Lee, and Albert Acrish,* 23-cv-5657(LAP);

  e. *Aaron Dockery vs. David Dinello, Susan Mueller, John Hammer, Kristin Salotti, Kathleen Mantaro, and Chung Lee,* 23-cv-5658(LAP);

  f. *John Gradia vs. David Dinello, Susan Mueller, John Hammer, Ann Andola, and Mikhail Gusman,* 23-cv-5660(LAP);

  g. *Angel Hernandez vs. Susan Mueller, Kathleen Mantaro, Mikhail Gusman, and Chung Lee,* 23-cv-5661(LAP);

  h. *Hugh Knight v. Chung Lee,* 23-cv-5662(LAP);

  i. *Terry Mathis v. Susan Mueller and Chung Lee,* 23-cv-5663(LAP);

  j. *Sean Pritchett v. David Dinello, Susan Mueller and Chung Lee,* 23-cv-5664(LAP);

  k. *Rashid Rahman v. Chung Lee,* 23-cv-5665(LAP);

  l. *Felipe Rivera-Cruz vs. Susan Mueller and Chung Lee,* 23-cv-5667(LAP);

  m. *Wayne Stewart v. Chung Lee,* 23-cv-5668(LAP);

  n. *Derrick Williams v. David Dinello, Robert Bentivegna, Yelena Korobkova, Albert Acrish and David Karandy,* 23-cv-3608(LAP).

4) Plaintiffs have also filed a related case statement in the Individual Plaintiff Cases and all shall be accepted as related to *Allen I* and assigned to this Court.

  5)  The Individual Plaintiff Cases shall all be considered filed as of the date of the filing of the original *Allen I* Complaint for statute of limitations purposes, except for any new defendants and claims added to the Brian Bernard and Derrick Williams cases.

6) All defendants served in *Allen I* will be considered served as of the date listed on the Affidavit of Service filed in *Allen I* subject to all reserved affirmative defenses in *Allen I*.

7) The Answers filed in *Allen I* shall serve as the operative answers to the Amended Complaints filed in the Individual Plaintiff Cases preserving all affirmative defenses stated at the time of filing the Answers in *Allen I*.

8) The Court Orders in *Allen I* shall be deemed admitted and law of the case in each Individual Plaintiff Case subject to all heretofore asserted objections and rights of appeal as currently enjoyed by the parties respectively in *Allen I*.

9) Discovery in the Individual Plaintiff cases shall proceed on the current deadlines set in *Allen I* with a discovery end date of August 1, 2023. Dispositive motions in the Individual Plaintiff Cases shall be due October 31, 2023 in conformity with the current discovery order in *Allen I* with the exception of the Brian Bernard and Derrick Williams actions.

10) All the discovery exchanged to date in *Allen I* shall be treated as produced in each Individual Plaintiff Case though subject to all Federal Rules of Civil Procedure and Evidence unless superseded by an Order already entered in *Allen I*. Any HIPPA Releases provided in *Allen I* will be deemed to apply to the Individual Plaintiff Cases as necessary.

11) No individual plaintiff in a damages action severed from this action, and no plaintiff in a damages only case accepted as related to *Allen I*, will use in such action, or any other action, any findings of fact, holdings, or opinions issued by any Court in resolution of the permanent injunction trial in *Allen I*, for purposes of collateral estoppel, law of the case, or any other theory of preclusion.

12) The Court expressly reserves the right of all injunctive class members to maintain damages claims in separate proceedings notwithstanding their participation in the injunctive class.

13) The Clerk of Court is directed to file this Order in all the cases listed in Paragraph 3 above.

Dated: July 18, 2023

_Loretta A. Preska_
Hon. Loretta A. Preska
Senior U.S. Dist. Judge