# WHITEMAN OSTERMAN & HANNA LLP

Attorneys at Law
www.woh.com

Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

Oriana L. Kiley
Of Counsel
518.487.7728 phone
okiley@woh.com

July 20, 2023

**Via CM/ECF**
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, New York 10007

Re:   Allen et al. v. Koenigsmann, et al., Docket No.: 19-CV-8173 (S.D.N.Y.)

Dear Judge Preska:

My office represents defendant Dr. Carol A. Moores ("Dr. Moores"), in her official capacity. I am writing to request permission to serve contention interrogatories pursuant to F.R.C.P. 33(a)(2) and Local Civil Rule 33.3(c) on each of the incarcerated individual witnesses listed in Plaintiffs proposed pretrial statement, in lieu of taking over 20 depositions. (See Dkt. No. 647).

During a conference with the Court held on June 13, 2023, the court gave Dr. Moores permission to conduct depositions of between July 15 and August 5, 2023, prior to commencement of the August 7, 2023 permanent injunction trial. (Dkt. 620, p. 10:3-21). However, after considering the anticipated challenges in scheduling numerous patient depositions at facilities in less than three weeks, while simultaneously preparing our case for trial and coupled with previously scheduled depositions in this case currently on the calendar before the August 1, 2023 discovery deadline, we determined that serving contention interrogatories in lieu of depositions would be the most efficient way to ask each patient witness the questions we have in anticipation of trial.

We further respectfully request an Order that the interrogatories be returned by Plaintiffs on or before August 2, 2023. See F.R.C.P. 33(b)(2) (the Court may Order the responding party to serve its answers in less than 30 days).

Respectfully submitted,

*Oriana Kiley*

Oriana L. Kiley, Esq.

cc:   All counsel of record (via CM/ECF)

---

**Handwritten order:**

The request is denied. The Court granted Dr. Moores' request to take depositions on June 13. It was only on July 20 that Dr. Moores then requested permission to serve untimely contention interrogatories. Given the logistical challenges Plaintiffs' counsel would face, as set forth in Ms. Agnew's July 21 letter, of responding to twenty-four sets of interrogatories in nine days, the request is unreasonable and thus denied.

SO ORDERED.

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

7/25/23