

Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

Oriana L. Kiley
Of Counsel
518.487.7728 phone
okiley@woh.com

August 31, 2023

**Via CM/ECF**
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, New York 10007

      Re:    *Allen et al. v. Koenigsmann, et al.*, Docket No.: 19-CV-8173 (S.D.N.Y.)

Dear Judge Preska:

      My office represents defendant Dr. Carol A. Moores ("Dr. Moores"), in her official capacity. We write in anticipation of our pretrial conference scheduled for tomorrow, and in response to Plaintiffs' letter filed on August 30, 2023, specifically to address the issues raised regarding the Joint Pre Trial Order ("JPTO"), and Plaintiffs' confusion regarding burden of proof at next week's trial. (Dkt. No. 761).

      First, Dr. Moores' amended pre-trial order filed on August 29, 2023 was intended solely to update Dr. Moores' witness and exhibit list; it was not intended to disregard any prior communication with Ms. Agnew's office. (Dkt. No. 759). On August 24, 2023, Mr. Nolan and Ms. Agnew communicated about a potential stipulation as to trial exhibits, which was precipitated by Plaintiffs' request for a stipulation as to the admissibility of a particular document. While Ms. Agnew suggested that the parties memorialize their positions as to each other's proposed exhibits in a JPTO, which we felt would be sufficient, our office did not agree to prepare that document for her. Nor could we have because Plaintiffs had not articulated to us their specific positions on any of our specific exhibits, despite multiple requests that they do so. In any event, we have always been willing, and continue to be willing, to review and consider any exhibit stipulation that Ms. Agnew proposes to us.

      Second, the Court should not entertain Plaintiffs' attempt to circumvent their burden of proof at trial.[1] The case law is well established that to obtain a permanent injunction, **plaintiffs must satisfy a four-factor test**, in short: (1) irreparable harm; (2) balance of equities tips in their

---

[1] Dr. Moores maintains her position that a permanent injunction can only be entered <u>after</u> a trial on the merits. Notwithstanding, the Court has determined that we would proceed with a trial on the need for permanent injunctions absent a trial on the merits, despite Dr. Moores not being named in the Second Cause of Action, and even despite that there are no individually named defendants left in this case.

favor; (3) no adequate remedies available at law; (4) public interest is harmed absent the injunction. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139 (2010). Moreover, plaintiffs must demonstrate actual success on the merits of deliberate indifference to medical care[2] to trigger a finding of irreparable harm. See Jolly v. Coughlin, 76 F. 3d 468, 482 (2d Cir. 1996). *Further*, to overcome Eleventh Amendment immunity, they must also prove that deliberate indifference is occurring on an ongoing basis (which should expressly appear in the Second Cause of Action, but it does not). **Notably, the Court's prior findings and rulings contained in the preliminary injunction opinion (Dkt. No. 552) are *not* law of the case, nor are they binding**. See University of Texas v. Camenish, 451 U.S. 390, 395 (1981). Accordingly, Plaintiffs are not relieved of their overarching burden to prove the four-factor test for a permanent injunction, which includes proving deliberate indifference to medical care.

Finally, irrespective of whether Dr. Moores intends to assert mootness at trial, we highlight that the Supreme Court has concluded that a non-moving party is not required to demonstrate that an action has been rendered moot to defeat a motion for injunctive relief because the question of whether a party is entitled to injunctive relief is separate and distinct from mootness. See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)

Respectfully submitted,

*Oriana Kiley*

Oriana L. Kiley, Esq.

cc: All counsel of record (via CM/ECF)

---

[2] Dr. Moores further maintains that Plaintiffs would have to do so as to the originally named defendants in this case as detailed in the Second Cause of Action, despite their severance or certification of plaintiffs' class. However, even if the Court determines that Plaintiffs can prove deliberate indifference on the part of any DOCCS provider, that does not change that it is plaintiffs' burden to prove at the outset of trial.