```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PETER ALLEN, et al.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>CARL KOENIGSMANN, et al.,<br><br>                    Defendants. | No. 19-CV-8173 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

　　The Court has reviewed the parties' submissions on whether the Court has jurisdiction over Plaintiffs' order to show cause directed to Cathy Sheehan, Deputy Commissioner and Counsel for the New York State Department of Corrections and Community Supervision ("DOCCS"), and Matthew D'Amore, Superintendent of Marcy Correctional Facility. (See dkt. nos. 708, 777, 784, 787, and 788.) For the following reasons, Plaintiffs' order to show cause is DISMISSED.

## I. Discussion

　　Plaintiffs offer three bases for jurisdiction.

### A. Official Capacity Lawsuit

　　First, Plaintiffs argue that because they have sued Dr. Moores in her official capacity, this lawsuit is against DOCCS and the Court thus has jurisdiction over claims against Ms. Sheehan and Mr. D'Amore as DOCCS employees. (Dkt. no. 788 at 1.) Even assuming Plaintiffs are correct, this is not sufficient

1

to give the Court jurisdiction over any violation by DOCCS employees.

It is "inappropriate for the court to grant a request for injunctive relief that is unrelated to the claims and the defendants in the complaint." Al-Bukhari v. Semple, 2019 WL 859264, at *3 (D. Conn. Feb. 22, 2019) (citing De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which [relief] may be granted finally" but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit.")); Stewart v. U.S. I.N.S., 762 F.2d 193, 198 (2d Cir. 1985) (holding district court lacked jurisdiction over motion for injunctive relief relating to conduct not alleged in plaintiff's complaint). Courts in this circuit have applied this principle to instances where prisoners, suing prison officials based on unrelated claims, have moved for injunctive relief seeking access to their attorneys or legal materials. See, e.g., Williams v. N.Y.C. Dept. of Corr., 2020 WL 7079497, at *3 (S.D.N.Y. Dec. 3, 2020); Williams v. City of Hartford, 2016 WL 7493952, at *1-2 (D. Conn. Dec. 30, 2016).

In this case, Plaintiffs have sued Dr. Moores in her official capacity based on claims of deliberate indifference in violation of the Eighth Amendment. Plaintiffs' order to show

cause is based on an access to counsel issue and directed at non-parties to this litigation. Because Plaintiffs' request for injunctive relief is unrelated to the claims and defendants in the complaint, Plaintiffs' first proposed basis for jurisdiction fails.

### B. The Court's Inherent Authority

Second, Plaintiffs assert that the Court has inherent authority to order Plaintiffs' access to their attorneys. (Dkt. no. 788 at 2.) Plaintiffs cite three cases: Link v. Wabash R. Co., 370 U.S. 626, 629-31 (1962) (discussing the Court's authority to dismiss cases for a plaintiff's failure to prosecute); La Grande v. Adecco, 2006 WL 2806402, at *7 (N.D.N.Y. Sept. 28, 2006) (discussing the Court's authority to impose sanctions for misconduct during discovery); and BNP Paribas Mortg. Corp. v. Bank of Am., N.A., 2013 WL 2322678, at *11 (S.D.N.Y. May 21, 2013) (discussing the Court's inherent authority to enforce protective orders). None of these cases address whether the Court has inherent authority to order a non-party prison official to provide a plaintiff prisoner access to his or her attorney. Thus, this basis for jurisdiction fails.

### C. The All Writs Act

Third, Plaintiffs write that the Court may issue an order directed at Ms. Sheehan and Mr. D'Amore under the All Writs Act. (Dkt. no. 788 at 2-3.) The All Writs Act states in relevant

3

part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All Writs Act invests a court with a power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law." Clinton v. Goldsmith, 526 U.S. 529, 537 (1999). "[T]he remedies permitted under the [All Writs] Act are extraordinary and should not be used simply to avoid the inconvenience of following statutory procedures that govern the particular circumstances." Citigroup, Inc. v. Abu Dhabi Inv. Auth., 776 F.3d 126, 129 (2d Cir. 2015) (internal quotation marks and citations omitted). Because Plaintiffs have an adequate alternative remedy at law, that of a new lawsuit brought against Ms. Sheehan and Mr. D'Amore for any violations of Plaintiffs' right to counsel and access to the courts, this basis for jurisdiction fails.

## II. Conclusion

For the foregoing reasons, Plaintiffs' order to show cause is dismissed for lack of jurisdiction.

**SO ORDERED.**

Dated:     September 27, 2023
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge