```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PETER ALLEN, et al.,<br><br>                    Plaintiffs,<br><br>-against-<br><br>CARL KOENIGSMANN, et al.,<br><br>                    Defendants. | No. 19-CV-8173 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the letters filed by Plaintiffs, (dkt. no. 863), and by Defendant Dr. Carol Moores, (dkt. no. 864), regarding Plaintiffs' request to permit Dr. Adam Carinci to examine several class members.

As Defendant Moores notes in her letter, the Court lacks jurisdiction to address Plaintiff's request because Moores has filed a notice of appeal, (see Notice of Appeal, dkt. no. 826), of the Court's Permanent Injunction Order, (dkt. no. 813), and Opinion and Order granting Plaintiffs' requested permanent injunction, (dkt. no. 807). See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal."). Although a notice of appeal does not affect the Court's "jurisdiction to supervise the enforcement of its injunction and to preserve the status quo

1

pending appeal," Indep. Living Aids, Inc. v. Maxi-Aids, Inc., 208 F. Supp. 3d 387, 392 (E.D.N.Y. 2002) (internal quotations and citations omitted), it does "divest[] the district court of jurisdiction respecting the questions raised and decided in the order appealed from," Red Ball Interior Demolition Corp. v. Palmadessa, 947 F. Supp. 116, 120 (S.D.N.Y. 1996).

Here, the Permanent Injunction Order is silent on the provision of access to class members for "their expert exams[]" for which Plaintiffs request Dr. Carinci's access. (See dkt. no. 863 at 2.) As relevant to the parties' letters, it only requires "all DOCCS Facility Health Services Directors [], PCPs, and relevant medical staff" to order "[s]pecialty consultations . . . as indicated for the evaluation and care of chronic pain patients." (See dkt. no. 813 at 10-11.) Thus, because Plaintiff's request is impertinent to maintaining the status quo pending Dr. Moores's appeal of the Permanent Injunction Order, the Court lacks jurisdiction to enforce the provision of the "expert exams" Plaintiffs request. See Indep. Living Aids, Inc., 208 F. Supp. 3d at 392. However, to the extent Dr. Moores refuses to grant class members access to appropriate specialty consultations, the Court retains jurisdiction to enforce the status quo it has ordered respecting such consultations. See id.; (see also dkt. no. 813 at 10-11.)

2

Accordingly, the Court denies Plaintiffs' request for an order requiring Dr. Moores to provide Dr. Carinci access to certain class members. However, the parties shall confer on a schedule for the provision of any necessary specialty consultations for those class members and submit a joint letter updating the Court on the provision of such consultations no later than two months from the date of this Order.

**SO ORDERED.**

Dated:   August 12, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge