19-cv-8173(LAP)

MANDATE

24-30-(L)
*Daniels et al. v. Moores*

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March two thousand twenty-five.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 4/11/2025

PRESENT:

DENNIS JACOBS,
GUIDO CALABRESI,
ALISON J. NATHAN,
*Circuit Judges*.

---

Mark Daniels, Rashid Rahman, Felipe Rivera-Cruz, and Terry Mathis, on behalf of themselves and all others similarly situated,

*Plaintiffs-Appellees*,

Peter Allen, Brian Bernard, Shannon Dickinson, Aaron Dockery, John Gradia, Angel Hernandez, Hugh Knight, Harold Ortiz, Sean Pritchett, Wayne Stewart, and Derrick Williams,

*Plaintiffs*

MANDATE ISSUED ON 04/11/2025

**v.** **Nos. 24-30-pr; 24-785-pr**

**Dr. Carol Moores, in her official capacity,**

*Defendant-Appellant*,

**Carl Koenigsmann, MD, John Morley, MD, Susan Mueller, MD, David S. Dinello, MD, Paula Bozer, MD, John Hammer, MD, Ann Andola, MD, Mikhail Gusman, MD, Chun Lee, MD, Kathleen Mantaro, MD, Peter Braselman, MD, David Karandy, MD, Albert Acrish, NP, Kristin Salotti, NP, Mary Ashong, NP, John Doe #1, MD, Jane Doe, MD #3-#50, NP or PA #1-#50, John Doe, MD #3-#50, NP or PA #1-#50, and John Doe #2,**

*Defendants*.

---

**FOR PLAINTIFFS-APPELLEES:** BRIAN MARC FELDMAN, Sheila Baynes, Aurelian Law PLLC, Rochester, NY, Amy Jane Agnew, Law Office of Amy Jane Agnew, New York, NY.

**FOR DEFENDANT-APPELLANT:** ORIANA L. KILEY, William S. Nolan, Robert S. Rosborough, IV, Whiteman Osterman & Hanna LLP, Albany, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Plaintiffs-Appellees are prisoners in the custody of New York State Department of Corrections and Community Supervision (DOCCS), of which Defendant-Appellant Dr. Carol Moores is the Chief Medical Officer. Moores appeals from the grant of a permanent injunction against her in her official capacity and the grant of attorneys' fees for Plaintiffs. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm the judgments below.

This case concerns DOCCS's treatment of patients in its custody who suffer from chronic pain. In 2017, DOCCS promulgated a "Medications with Abuse Potential" Policy (MWAP Policy), which required a Regional Medical Director to approve the use of medications that have abuse potential before a care provider could prescribe them. Plaintiffs subsequently brought this action under 42 U.S.C. § 1983, alleging that Regional Medical Directors categorically refused to approve the use of MWAP medications notwithstanding patients' needs or the

recommendations of their treating physicians, and that this deprivation of effective pain medication violated the Eighth Amendment. Plaintiffs moved for class certification and for a preliminary injunction.

In February of 2021, DOCCS rescinded the MWAP Policy and replaced it with Policy 1.24A. Policy 1.24A provides that primary care providers "will prescribe any medications deemed appropriate for treatment of the patient's chronic pain condition," overhauling the requirement of approval by a Regional Medical Director. App'x 776. Policy 1.24A further provides that patients with chronic pain will be coded accordingly and assessed periodically, and that discontinuation of medication shall only occur after a provider has met with a patient and made an individualized determination that it is in the patient's best interest.

Defendants subsequently moved to dismiss Plaintiffs' complaint as moot. After an evidentiary hearing on whether the challenged conduct persisted after the promulgation of Policy 1.24A, the district court denied the motion to dismiss, granted Plaintiffs' motion for a preliminary injunction, and certified Plaintiffs' injunctive class.

After a four-day bench trial, the district court converted the preliminary

injunction to a permanent injunction. The court subsequently entered the terms of the permanent injunction, which primarily requires Moores to enforce compliance with Policy 1.24A. The court then awarded attorneys' fees for Plaintiffs' counsel. On appeal, Moores raises challenges to the permanent injunction, the class certification, and the awarding of attorneys' fees.

**I. Permanent Injunction**

"Following a bench trial, we review the district court's conclusions of law *de novo* and its factual findings for clear error." *Reynolds v. Giuliani*, 506 F.3d 183, 189 (2d Cir. 2007). "The trial court's grant of a permanent injunction is reviewed for abuse of discretion." *Id*. To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)); *cf. Nken v. Holder*, 556 U.S. 418, 435 (2009) (third and fourth factors "merge when the Government is the opposing party").

**a. Mootness**

The core of Moores's challenge is that the recission of the MWAP Policy and implementation of Policy 1.24A foreclosed Plaintiffs' claim. However, the district court made the factual finding that the MWAP Policy was still *de facto* in place, despite being formally rescinded, because prisoners in DOCCS custody continued to have their MWAP medications systematically denied without medical justification and without regard to medical need. *See* Special App'x 173 ("DOCSS' MWAP policy is responsible for ongoing violations of federal law because its impact remains in place despite its being officially rescinded by DOCCS."). This finding was not clearly erroneous. Indeed, the record from trial and from the previous evidentiary hearing demonstrate that patients continued to be deprived of their MWAP medications after Policy 1.24A was promulgated.

Accordingly, Policy 1.24A did not render Plaintiffs' claim moot. A threshold inquiry is "whether the challenged conduct has, in fact, ceased," or "if the defendant's change in conduct is merely superficial or suffers from similar infirmities as it did at the outset." *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (cleaned up). Here, the district court concluded that

the challenged conduct had not in fact ceased.[1]

**b. Permanent Injunction Factors**

The district court's finding that the MWAP Policy was still ongoing in practice supports its conclusion that Plaintiffs suffered actual Eighth Amendment violations, and therefore irreparable harm. *See Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003) (cleaned up). "This standard incorporates both objective and subjective elements." *Id.* "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Id.* at

---

[1] Moores makes a related argument that, even if *some* claim against her persisted after the promulgation of Policy 1.24A, it was not pled in Plaintiffs' operative complaint. However, the final pretrial order established that Plaintiffs brought a claim for injunctive relief against Moores to cure ongoing practices of denying and/or discontinuing necessary and effective pain medication without medical justification or regard for individual need. This pretrial order "controls the [subsequent] course of the action," Fed. R. Civ. P. 16(d), and "it is irrelevant that the pleadings were never formally amended." *Curtis v. Loether*, 415 U.S. 189, 190 n.1 (1974); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007).

183–84. Under the objective prong, this Court has considered "the pain suffered by the plaintiff," "deterioration . . . due to a lack of treatment," "or the inability to engage in normal activities." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Under the subjective prong, deliberate indifference is met "when [an] official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law." *Smith*, 316 F.3d at 184 (cleaned up).

On the objective prong, the district court credited testimony at trial demonstrating that Plaintiffs' lack of effective pain medication caused severe pain, deterioration, and an inability to engage in normal activities. *See Chance*, 143 F.3d at 703. We give great deference to the credibility determinations of the district court, *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 670 (2d Cir. 2023), and see no clear error in its factual determinations.

On the subjective prong, the court did not clearly err in concluding that the providers who denied Plaintiffs effective medical treatment did so with a sufficiently culpable state of mind. The district court credited testimony that patients were repeatedly denied pain medication that had previously worked for them, that patients' repeated complaints of debilitating pain were ignored, and

that patients were told the discontinuation of their medication was based on generalized policy decisions rather than individual need or medical justification.[2] These factual findings establish deliberate indifference caused by the MWAP Policy.

Moores tries to cast the litigation as a "mere disagreement over the proper treatment." *See Chance*, 143 F.3d at 703. But "a deliberate indifference claim can lie where prison officials deliberately ignore the medical recommendations of a prisoner's treating physicians," and where defendants "reflexively rel[ied] on . . . the substance abuse policy when they had been put on notice that the medically appropriate decision could be, instead, to depart from the [policy] and prescribe [the medication] to the plaintiff." *Johnson v. Wright*, 412 F.3d 398, 404, 406 (2d Cir. 2005). The district court found that the MWAP Policy resulted in an ongoing, systemwide problem of providers depriving patients of effective pain medication without medical justification and without providing effective alternatives, which

[2] Moores challenges the district court's admission of testimony from prisoners about statements made to them by DOCCS employees, arguing it is inadmissible hearsay. "Judges are entrusted with considerable discretion when deciding which evidence to admit or exclude at trial," and we reverse for an abuse of discretion "only when an evidentiary ruling is manifestly erroneous or arbitrary and irrational." *United States v. Dawkins*, 999 F.3d 767, 788 (2d Cir. 2021). No such error was made here. *See Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 131 n.13 (2d Cir. 2004); Fed. R. Evid. 801(d)(2)(D).

"evince[d] a conscious disregard of a substantial risk of serious harm." *Chance*, 143 F.3d at 703.

In short, the district court did not abuse its discretion in finding that Plaintiffs succeeded on the merits of their Eighth Amendment claim, which establishes irreparable harm.[3] *See Jolly*, 76 F.3d at 482. The court also did not abuse its discretion in determining that the other factors relevant to the permanent injunction analysis favored Plaintiffs: the public interest favors protecting constitutional rights, and any administrative burdens of compliance are outweighed by this interest. *See New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 87 (2d Cir. 2020).

**c. PLRA**

Moores further argues that the terms of the permanent injunction violated the Prison Litigation Reform Act (PLRA), which allows a court to impose prospective relief only after finding "that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18

[3] The district court also did not clearly err in finding that these constitutional violations were traceable to DOCCS' failure to effectively implement Policy 1.24A, as we explained above.

U.S.C. § 3626(a)(1). The district court properly concluded that the ordered relief comports with the need-narrowness-intrusiveness requirement. "[A] remedy may require more than the bare minimum federal law would permit and yet still be necessary and narrowly drawn to correct the violation." *Handberry v. Thompson*, 446 F.3d 335, 346 (2d Cir. 2006) (cleaned up). To correct the ongoing effects of the MWAP Policy, the court ordered Moores to enforce compliance with Policy 1.24A, develop a system of identifying patients in DOCCS custody with chronic pain, conduct individualized assessments for patients with a chronic pain code, and train relevant personnel. This relief "provides a practicable means of effectuation" and satisfies the need-narrowness-intrusiveness inquiry. *Id.* at 346 (cleaned up).

## II. Class Certification

Moores also challenges the district court's decision to certify a class for injunctive relief. We review the district court's determinations on class certification for abuse of discretion. *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). The district court did not abuse its discretion in certifying the injunctive class, which it defined as "[a]ll incarcerated individuals who are or will be in the care and custody of the [DOCCS] who suffer or will suffer from chronic pain and/or neuropathies who require individualized assessments of medical need for

treatment with MWAP medications." Special App'x 68, 83.

Rule 23(a) of the Federal Rules of Civil Procedure requires that every class meet four requirements: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The certified class satisfies each requirement. At least 800 prisoners in DOCCS custody suffer from chronic pain or neuropathy, and the district court found that many such patients were still denied, or at risk of being denied, effective pain medication. Plaintiffs also "suffered the same injury," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), satisfying commonality, and "alleged that the same unlawful conduct was directed at or affected both the named plaintiff[s] and the class sought to be represented," *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993), satisfying typicality. As to adequacy, the district court found that "Plaintiffs' interests are not 'antagonistic' to the interest of other class members and Plaintiffs' attorneys

are 'qualified, experienced, and able to conduct the litigation.'"[4] Special App'x 79 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)). None of these findings were clearly erroneous, and therefore the district court did not abuse its discretion in finding that Plaintiffs satisfied Rule 23(a).

The court also did not abuse its discretion in finding that the injunctive class satisfies Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, "it is clear that the proposed injunctive relief sweeps broadly enough to benefit each class member," regardless of whether some members started receiving effective medication after the promulgation of Policy 1.24A, as "they might each still be subject to a further action by these same defendants" depriving them of MWAP medication, absent injunctive relief. *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 97–98 (2d Cir. 2015).

---

[4] Assuming without deciding that ascertainability is a fifth requirement for injunctive classes under Rule 23(b)(2), *see In re Petrobras Sec.*, 862 F.3d 250, 264 (2d Cir. 2017) (applying ascertainability requirement to Rule 23(b)(3) class), we find that the district court did not abuse its discretion in concluding that the injunctive class satisfied this requirement.

**III. Attorneys' Fees**

Lastly, Moores challenges the award of attorneys' fees to the plaintiffs. When a party succeeds on a § 1983 claim, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." 42 U.S.C. § 1988(b). "[W]e review a district court's decision on a Section 1988 fee application for abuse of discretion," but "[w]hether a litigant is a 'prevailing party' . . . presents a question of law as to which we review the district court's decision *de novo*." *DiMartile v. Hochul*, 80 F.4th 443, 450 (2d Cir. 2023).

Plaintiffs are prevailing parties because they obtained a favorable permanent injunction. *See Lefemine v. Wideman*, 568 U.S. 1, 2, 4 (2012). Indeed, the ordered relief is "a 'judicially sanctioned change in the legal relationship of the parties,'" as it requires Moores to actually enforce compliance with Policy 1.24A, train relevant personnel, and identify and treat affected patients. *Kirk v. New York State Dep't of Educ.*, 644 F.3d 134, 137 (2d Cir. 2011) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001)).

The district court did not abuse its discretion in rejecting Moores' request to halve the fee award based on Plaintiffs' unsuccessful motion to certify a damages liability class. "[W]here, as in this case, the plaintiff[s'] claims 'involve a common

core of facts or [are] based on related legal theories,' and are therefore not severable, attorney's fees may be awarded for unsuccessful claims as well as successful ones." *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)) (cleaned up). The district court was within its discretion to find that the damages class and the injunctive class were intertwined such that the two claims could not be separated.

We have considered the Appellant's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgments of the District Court and **REMAND** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit